Ronnie **STINNETT**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 27, 1970.

Richard D. Gilliam, Jr., Gilliam & Moore, Owensboro, William A. Fenwick, Cleary, Gottlieb, Stein & Hamilton, New York City, William L. Wilson, Jr., Owensboro, for movant.

Dan M. Griffith, pro se.

William M. Gant, Commonwealth's Atty., Sixth Judicial District, Owensboro, for respondent Mrs. Dorothy Hild.

CULLEN, Commissioner.

Ronnie Stinnett has appealed from an order overruling, after a hearing, his motion under RCr 11.42 for relief from three 1968 judgments of conviction of felonies under which he is serving sentences totaling 18 years' confinement. In connection with that appeal he has made several motions which we hereby are ruling on.

The first motion is that Stinnett be permitted to prosecute his appeal in forma pauperis. The trial court treated Stinnett as being in the pauper class by appointing counsel to represent him at the RCr 11.42 hearing, and appointing additional counsel to represent him on this appeal. But the court overruled a motion that Stinnett be permitted to prosecute the appeal in forma pauperis, and overruled a motion that Stin-

nett be furnished at public expense a transcript of the evidence taken at the RCr 11.42 hearing. It appears that the court was of the opinion that money was available for Stinnett from an out-of-state, privately supported indigent criminal fund, with which to pay for the transcript. There is nothing in the record to support the asserted fact, and there are undisputed affidavits to refute it. And even if it were shown by the record, the fact that some charitable donors might choose to come to Stinnett's aid would not take him out of the status of a pauper, in which status he belongs, because he has no property or funds of his own or which he can command. Therefore, we are sustaining the motion that Stinnett be permitted to prosecute this appeal in forma pauperis, and we so order.

■ The second, fourth and fifth motions seek appropriate orders that Stinnett be furnished with a transcript of the evidence on the hearing of his RCr 11.42 motion. Since it appears that Stinnett is a pauper we are sustaining these motions to the extent only that we hereby order the respondent circuit judge to make such orders as may be necessary or appropriate to provide to Stinnett, at the expense of the county, a transcript only of *such portion* of the evidence on the hearing of the RCr 11.42 motion as relates to the issues on which this court held, in Stinnett v. Commonwealth, Ky., 446 S.W.2d 292, he was entitled to a hearing. Those issues were (1) whether counsel appointed by Stinnett for his trial refused to consult with him before trial and refused to prepare a defense because he was not being paid, and (2) whether such counsel refused to take an appeal from the judgment of conviction, although requested by Stinnett to do so, because he was not being compensated. If, as it appears from the record, other issues were tried, they were not within the scope of the hearing directed by this court, wherefore a transcript of the evidence relating thereto would be of no relevance on the instant appeal.

The third motion is for an order directing that Stinnett be furnished with a transcript of the evidence considered by the circuit judge in ruling on Stinnett's motion in the circuit court for permission to prosecute in forma pauperis his appeal from the order overruling his RCr 11.42 motion. The circuit judge in his response to this motion does not suggest that he heard any evidence in ruling on the forma pauperis motion. For that reason, and because we are granting Stinnett's motion for a forma pauperis appeal, the third motion here before us is in effect moot, wherefore we are overruling it, and so order.

The sixth motion is that the circuit court clerk be ordered to furnish to this court a transcript of the *record* of the RCr 11.42 proceeding. Such a transcript has been supplied by the clerk so the motion is moot. Accordingly, it is ordered that this motion be overruled.

■ The seventh motion is for an order directing that one of the lawyers appointed to represent Stinnett on his RCr 11.42 hearing be reimbursed for money expended by him out of his own pocket for the making of a transcript of the evidence on Stinnett's *original trial*. As hereinbefore stated, this court directed that Stinnett be given a hearing on two issues only. A transcript of the evidence on Stinnett's original trial was not relevant to those issues and was not needed for the RCr 11.42 hearing. Therefore there is no basis upon which the public should bear the cost of making the transcript. The *motion is overruled*.

The eighth and last motion is for extensions of time to file with this court, on the appeal from the order overruling the RCr 11.42 motion, the transcript of evidence and the transcript of record on the RCr 11.42 hearing. This motion is sustained to the extent only that the appellant is granted 10 days after he is furnished the transcript of evidence (a partial one, as hereinbefore directed) in which to file it with this court and to complete the filing of the transcript

of the record (most of which already has been filed). It is so ordered.

MILLIKEN, NEIKIRK, PALMORE, REED and STEINFELD, JJ., concur.

EDWARD P. HILL, Jr., C. J., is of the opinion that the furnishing of a narrative summary of the evidence on the RCr 11.42 hearing should be sufficient, and for that reason he dissents from that part of the opinion which directs the furnishing of a transcript of the evidence at public expense.