Pauline SALYERS, Appellant,

v.

**Honorable John C. CORNETT, Judge Magoffin Circuit Court, Appellee.**

Supreme Court of Kentucky.

May 23, 1978.

Michael C. Davis, Appalachian Research & Defense Fund of Ky., Inc. Prestonsburg, for appellant.

John C. Cornett, Judge, pro se.

PER CURIAM.

This is an appeal from an order of the Court of Appeals of Kentucky denying Pauline Salyers a writ of mandamus.

On April 21, 1977, and without any action having been filed in the circuit court, the appellant and her counsel appeared before the Honorable John C. Cornett, Judge of the Magoffin Circuit Court, and moved the court to permit her to prosecute an action for dissolution of marriage in forma pauperis. KRS 453.190. The appellant filed with the court her affidavit and, in addition thereto, testified orally as to her financial condition. The testimony was not recorded, consequently, it cannot be reproduced for appellate consideration. Without making or filing any reasons for doing so, the trial judge entered a written order denying the motion. The record does not reflect whether this order was delivered to the circuit clerk for entry or whether it was given to counsel for appellant and retained by him, although the original of such order appears in the record as a part of the appellant's petition.

On June 15, 1977, the appellant filed her petition for a writ of mandamus in the Court of Appeals, seeking to have that court order the Honorable John C. Cornett, Judge, to enter an order permitting her to prosecute an action for dissolution of marriage in forma pauperis. With her petition she filed what appears to be an original of the affidavit that was presented to the cir-

cuit court. The affidavit is the keystone to the disposition of this case; therefore, we quote it in full, as follows:

"Comes the Petitioner, Pauline Salyers, after being duly sworn, and states on oath that she is a citizen of the State of Kentucky and a resident of Magoffin County. She further states that she is unemployed and has an income of only $135.00 per month from AFDC benefits which is used to provide the necessities of life for herself and her infant child; she owns no real or personal property, has no bank account and she is therefore unable to pay the filing fees and costs, or give surety for the same in the action of PAULINE SALYERS against BENJAMIN HARRISON SALYERS to be filed by her in the Magoffin Circuit Court and to the best of her knowledge and belief she is entitled to the redress which she seeks by said suit."

On June 29, 1977, Judge Cornett filed his response in the Court of Appeals, which is as follows:

"Comes the Respondent, John C. Cornett, Judge, and states that he always gives a hearing in the Forma Pauperis cases, and after hearing the evidence, the Court rules on the Motions. We usually have three or four of these at one time and during the past year there have been twelve or fifteen such cases.

No evidence in any of the cases, including the two cases before this Honorable Court, has ever been taken down and copied to my knowledge. It is hard for me to remember, and in fact, I cannot remember the exact evidence in these two cases before this Honorable Court. I always inquire of the Petitioner's income, their health, and the income and ability to pay of their spouse. I did that in these two cases. What the precise evidence was, I cannot remember, but at the time I made the rule, it was my opinion that these ladies could at least pay the cost or it would be charged to their spouses.

This Honorable Court will just have to rule on whatever record the Petitioners have filed in the case."

In due time the Court of Appeals entered an order denying the relief sought by the appellant, and by order dated February 3, 1978, denied her motion to reconsider the prior order.

The case of *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), stands for the proposition that due process prohibits a state from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages where the question of indigency is not in dispute.

The Court of Appeals rightly stated the principle that if the appellant had shown conclusively that she was a poor person within the meaning of KRS 453.190, then it was an abuse of discretion if the trial court did not permit her to proceed in forma pauperis.

The petition, together with the exhibits attached thereto, and appellee's response must be reviewed to determine whether the appellant has shown herself to be a poor person. The affidavit which the appellant filed, first with the appellee and then as an exhibit to her petition, discloses, without equivocation, that she has no estate and only $135 per month AFDC benefits with which to maintain herself and her infant child. As far as the proceeding before the circuit judge is concerned, the affidavit was uncontradicted and the court made no findings to the contrary. As to the action in the Court of Appeals, the only challenge to the appellant's insolvency, if it can be even termed a challenge, is the statement in appellee's response that after interrogating her he was of the opinion that she could at least pay the costs or it would be charged to her husband. No question has been raised as to whether the costs should be charged to the appellant's husband. The Court of Appeals properly stated that it cannot conduct a hearing de novo. CR 76.36(4). It could have only considered the appellant's affidavit, together with the exhibit attached thereto, and the appellee's response as evidence in support of, and in opposition to, the demands of the petition.

The appellee draws on his usual practice in proceedings such as the one at hand, after which he states that he could not remember the evidence. Furthermore, the last two lines of his response suggest that the disposition of appellant's petition should be made on the adequacy of her affidavit. $135 per month is less than $4.50 per day for a family of two. Need more be said. The opinion of the appellee, as reflected in his response, is not sufficient to dispute the appellant's affidavit, and the appellee abused his judicial discretion in denying the appellant's motion to proceed in forma pauperis.

This matter came before the Court of Appeals as an original action. It was not necessary that findings of fact on the ex parte proceeding before the circuit judge be made or filed. CR 52.01.

The action of the Court of Appeals is reversed. The appellee judge of the Magoffin Circuit Court is ordered to enter an order permitting the appellant to file and prosecute a suit for dissolution of her marriage without the payment of costs, as provided by KRS 453.190.

All concur.