**Mae W. TOLSON, Appellant,**

v.

**Hon. Caswell P. LANE, Judge, Menifee Circuit Court, Appellee.**

Supreme Court of Kentucky.

July 3, 1978.

Richard B. Olver, Northeast · Kentucky Legal Services, Inc., Morehead, for appellant.

Caswell P. Lane, Judge, Menifee Circuit Court, Mount Sterling, for appellee.

CLAYTON, Justice.

This case presents the issue of whether a prospective litigant in the courts of this Commonwealth must demonstrate that she is totally without relatives and friends willing to assist her financially before she will be allowed to maintain a suit in forma pauperis under KRS 453.190. Particularly implicated is the decision of this court in *Braden v. Commonwealth*, Ky., 277 S.W.2d 7 (1955).

On June 10, 1977, the appellant, Mae W. Tolson, filed a motion in the Menifee Circuit Court seeking leave to proceed in forma pauperis in an action for dissolution of marriage. Accompanying· the motion was an affidavit in which Mrs. Tolson stated she would be unable to bear the costs of the proposed suit due to her impoverished financial condition, which she declared thusly:

1. I am not employed; and have no source of income.
2. My husband does not provide me with any maintenance.
3. I do not have any cash on hand or money in a savings. or checking account.
4. I do not own any real estate, stocks, bonds, notes, automobiles, or any other valuable property.
5. I live with my grandmother who supports me. My grandmother is receiving Social Security benefits in the amount of $101.80 per month.
6. I do not owe any debts.

Exactly one week later, the appellee, the Honorable Caswell P. Lane, Circuit Judge, denied the motion, stating without further elaboration that Mrs. Tolson had not satisfactorily demonstrated herself to be a "poor person" within the meaning of the statute.

On July 25, 1977, Mrs. Tolson filed a petition for writ of mandamus in the Court of Appeals, asking that Judge Lane be compelled to permit her to proceed in forma pauperis in the proposed dissolution action. Although ironically allowing her to proceed as a pauper in filing the petition, the Court of Appeals in an opinion and order dated February 3, 1978, denied the petition. Apparently relying on the proposition contained in *Braden, supra,* that before a party may proceed as a pauper "he must show he is without money or property and without relatives or friends who will assist him," *id.* at 10, the court reasoned that because Mrs. Tolson had failed to show that her grandmother possessed no monetary assets or sources of income other than the meager Social Security benefits mentioned in her affidavit, Judge Lane's ruling was not clearly erroneous. On March 3 of this year, Mrs. Tolson appealed to this court. Inasmuch as we do not agree *Braden* should be so broadly construed, we reverse.

In *Braden*, decided during the troubled years of the 1950's, the petitioner had been charged with being a communist and convicted of the crime of sedition. Subsequent to his conviction, Braden moved the trial court to permit him to prosecute his appeal as a pauper, alleging a total net indebtedness after paying his legal fees of over $1500; following a hearing on the matter, the motion was denied. On petition for the equivalent of a writ of mandamus, this court, after setting forth the general proposition referred to above, proceeded to determine which, if any, of the possible sources of financial aid mentioned during the hearing Braden should be required to draw upon before being allowed to appeal in forma pauperis. In holding that the trial court had abused its discretion in refusing Braden's request, the court found—without denying that she had a duty to assist him— that Braden's wife, who had aided him at trial by depositing $2000 for his appearance bond, was no longer in a position to do so, since she had since been charged with sedition herself; implied that while her parents had a duty to help their daughter in her defense, no similar duty ran to Braden; and held that even though certain organizations might be willing to supply the costs of his appeal, Braden's motion must be granted unless it could be shown that he possessed "the power to compel them to pay for the transcript." 277 S.W.2d at 10. In addition, the court apparently found no duty of assistance in Braden's own mother and a friend, who together had pledged $8000 worth of property as security for his appearance bond.

When considered in light of these findings, it appears to us that despite the presence therein of the sweeping statement relied upon by the Court of Appeals, *Braden* actually stands for no more than the proposition that before a party may proceed in forma pauperis, he must show that there are not available any persons or organizations who might have a legal duty, and who are willing and able, to supply the costs of the action. *Cf. Stinnett v. Commonwealth*, Ky., 452 S.W.2d 613 (1970). This approach accords with what appears to be the far greater weight of authority on the question,

see, e. g., *State ex rel. Reis v. Lepping*, 256 F.Supp. 881 (S.D.Fla.1966); *State v. Owen*, 97 Ariz. 250, 399 P.2d 660 (1965); *March v. Municipal Court for San Francisco Judicial Dist.*, 7 Cal.3d 422, 102 Cal.Rptr. 597, 498 P.2d 437 (1972); *State ex rel. Butler v. Allen Circuit Court*, 241 Ind. 627, 174 N.E.2d 411 (1961); *State ex rel. Siegler v. Rone*, 42 Ohio St.2d 361, 328 N.E.2d 811 (1975), and is, we think, the better view.

In the case at bar, it is undisputed that Mrs. Tolson is unable to pay the costs of her proposed dissolution suit, see *Salyers v. Cornett, Circuit Judge*, Ky., 566 S.W.2d 418 (1978), and that her grandmother is under no legal obligation to do so. Under these circumstances, the refusal by Judge Lane to permit Mrs. Tolson to institute her suit in forma pauperis was error, and a writ of mandamus should have been issued compelling that result.

Appellant's motion to appear as a pauper on this appeal is granted. The judgment of the Court of Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.