**Hon. J. David FRANCIS, Chief Judge, Warren Circuit Court, Division No. 11, Appellant,**

v.

**Patricia Gaynell TAYLOR, Appellee.**

Supreme Court of Kentucky.

Jan. 15, 1980.

David W. Anderson, John David Cole, Cole, Harned & Broderick, Bowling Green, for appellant.

Mark D. Esterle, Lee Huddleston, Cumberland Trace Legal Services, Bowling Green, for appellee.

STEPHENS, Justice.

This is an appeal by the Honorable J. David Francis, Chief Judge, Warren Circuit Court, from an order of the Court of Appeals, dated October 26, 1979, in which a writ of mandamus was issued directing him as judge to allow the appellee, Patricia Taylor, to proceed with trial in a dissolution-of-marriage action without paying a fee to the warning order attorney.

The critical question we must decide is whether the Kentucky Court of Appeals has jurisdiction to entertain a petition for a writ of mandamus, an original action, in view of the provisions of Kentucky Constitution, Sec. 110(2)(a).[1]

The facts are simple and undisputed: Judge Francis granted Taylor's motion to prosecute a dissolution-of-marriage action in forma pauperis. However, his order provided that until the warning order attorney fee of $40.00 had been paid, the order would be "ineffective and invalid." Following the entry of the order, Taylor filed a petition for a writ of mandamus in the Court of Appeals, pursuant to CR 31 and CR 76.36.

Appellant argues that the granting of a mandamus is a supervisory action and is beyond the jurisdiction of the Court of Appeals. He also challenges the merits on which the writ was granted.[2]

The basic jurisdiction of this Court is established by the Kentucky Constitution, Sec. 110(2)(a), as follows:

"The Supreme Court shall have appellate jurisdiction only, except it shall have the power to issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause, or as may be required to exercise control of the Court of Justice."

Section 111(2) sets out the jurisdiction of the Court of Appeals:

"The Court of Appeals shall have appellate jurisdiction only, except that it may be authorized by rules of the Supreme Court to review directly decisions of administrative agencies of the commonwealth, and it may issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause within its appellate jurisdiction. In all other cases, it shall exercise appellate jurisdiction as provided by law."

It is clear that the Kentucky Constitution intends both the Supreme Court and the Court of Appeals to have only appellate jurisdiction. However, certain exceptions to this limitation are provided. In the case of the Supreme Court *and* the Court of Appeals, two of the exceptions are identical. Each court (in addition to appellate jurisdiction) has the power "to issue all writs necessary in aid of its appellate jurisdiction, . . . ." and to issue all writs necessary to aid "the complete determination of any cause . . . ." Ky.Const. Secs. 110(2)(a) and 111(2), *supra.* In addition, the Supreme Court has the power to issue all writs "as may be required to exercise control of the Court of Justice." Ky.Const. Sec. 110(2)(a), *supra.*

In the simplest of terms, both courts have only appellate jurisdiction, but have the power, through the issuance of writs, to implement that jurisdiction. The Supreme Court, in addition, has the control (or supervision) of the entire Court of Justice.

Appellant argues that the granting of a writ of mandamus is supervisory in nature and thus falls within the aegis of the exclusive authority of the Supreme Court as provided in Sec. 110(2)(a) of the Kentucky Constitution. We do not agree.

Appellant, in support of his position, cites the case of *Payne v. Ky. Railroad Commission,* Ky., 287 S.W. 560 (1926). In that case, the petitioner sought a mandamus in the Court of Appeals to require the Railroad Commission *to act* in a rate hearing pending before it. The court declined, holding that the commission was an administrative agency and was not an "inferior jurisdiction" referred to in then section 110 of the Kentucky Constitution. The *Payne* case makes no distinction between supervisory and revisory actions of the appellate court. In fact, when *Payne* was decided, *all* writs—super-

---

1. This question has been finally decided for future cases by an amendment to SCR.1.030(3), effective January 1, 1980, which provides: "The Court of Appeals may administer oaths, punish contempts, and issue necessary orders to give control over lower courts. Proceedings in the nature of mandamus or prohibition against a circuit judge shall originate in the Court of Appeals."

2. For purposes of this opinion we treat writs of mandamus and writs of prohibition in the same manner.

visory or revisory—were issued by the Court of Appeals under the authority of then Section 110. That case is not authority to support the proposition that a writ of mandamus can only be used for supervisory actions.

This court has never directly addressed the jurisdiction question. However, in the case of *Martin v. Fuqua*, Ky., 539 S.W.2d 314 (1976), a divorce action was filed in the Todd Circuit Court by a wife. The husband, Martin, sought a writ of prohibition in this court against the Todd Circuit Judge, William Fuqua, alleging that the wife did not reside in Todd County as required by KRS 452.470, the venue statute. This court entertained the action, saying: "We assume jurisdiction of the proceeding pursuant to Const., Sec. 110(2)(a) and (b) *only because* the Court of Appeals is not yet organized and ready to function." *Id.*, at 315 (emphasis added). It appears that the Supreme Court was evidencing its understanding that such a matter is within the appellate function of the Court of Appeals and thus such petition would properly be heard there as soon as the Court of Appeals was operational.

In addition, this court has tacitly recognized the jurisdiction of the Court of Appeals in such matters. In both *Tolson v. Lane*, Ky., 569 S.W.2d 159 (1978), and *Salyers v. Cornett*, Ky., 566 S.W.2d 418 (1978), we reversed orders of the Court of Appeals denying writs of mandamus without mention of the issue of jurisdiction. Each case was brought as an original action in the Court of Appeals to compel a trial judge to allow a suit for divorce to be prosecuted without payment of costs. See also *Williams v. Venters*, Ky., 550 S.W.2d 547 (1977).

Finally, with respect to the jurisdiction question, it is clear that the action of the Court of Appeals in issuing the present writ of mandamus was within its constitutional powers to implement or aid its appellate jurisdiction. Ky.Const., Sec. 111(2), *supra*. The legal effect of the applicant's in forma pauperis order is to prevent appellee from proceeding with her marriage dissolution action. Moreover, the order is of an interlocutory nature and is, therefore, not appealable. We believe this part of the order to be clearly in error and unless writ of mandamus is available, *no* remedy would be available to correct it.

Appellant also argues that the appellee was not entitled to the writ of mandamus upon the merits of the case and because it seeks a review of a discretionary act of the trial court. As we have said, the order by the appellant effectively denied the appellee a right to a trial in her marriage dissolution. It goes without saying that this ruling is in error. *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Tolson v. Lane, supra*; *Salyers v. Cornett, supra*; KRS 453.190 (1978 Cum. Supp.).

The order of the Court of Appeals is affirmed.

All concur, except LUKOWSKY, J., who did not sit.