Carlos D. ABERNATHY, Petitioner,

v.

Hon. James C. NICHOLSON, Judge, Jefferson District Court, Respondent.

No. 94–SC–635–OA.

Supreme Court of Kentucky.

June 8, 1995.

Frank W. Heft, Jr., Daniel T. Goyette, J. David Niehaus, Jefferson Dist. Public Defender, Louisville, for petitioner.

Frank Mascagni, III, Charles L. Cunningham, Jr., Charles E. Fell, Jr., James C. Nicholson, Judge, Jefferson Dist. Court, Hall of Justice, Louisville, for respondent.

LAMBERT, Justice.

Petitioner brought this claim for relief as an original action in the Supreme Court of Kentucky. The claim asserted seeks a declaration that an administrative order promulgated by or entered at the behest of respondent, a Judge of the Jefferson District Court, is invalid as being in violation of Section 14 of the Constitution of Kentucky and various rules of this Court. Petitioner seeks to invoke our jurisdiction pursuant to Section 110(2)(a) of the Constitution.

On September 17, 1993, respondent, sitting in Traffic Division 101 of the Jefferson District Court, entered an administrative order which prohibited persons with an outstanding arrest warrant or bench warrant from appearing before him until all previously ordered contempt fines had been paid, or if there were none, until an appearance bond in the sum of fifty dollars had been posted for each case, or until a judge ordered the case redocketed. The order was as follows:

The Jefferson District Court Clerk's Office is hereby Ordered not to redocket any cases in TRAFFIC DIVISION 101 wherein the Defendant has an outstanding Arrest Warrant or Bench Warrant, unless, at the time the request for redocketing is made:

1. The Defendant shall pay in full all Contempt fines previously ordered; or,

2. If no Contempt Order was previously entered, the Defendant shall personally post an Appearance Bond in the sum of $50.00 for *each* case the Defendant seeks to redocket; or,

3. If a Judge of the Jefferson District Court orders, in writing, the redocketing of the case.

The Clerk should instruct the Defendant, or counsel, that payment of Contempt fines, posting of an Appearance Bond or judicial redocketing does not recall or set aside any prior Orders. The redocketing of a case only allows the Defendant to have his/her case placed on the docket for further motions.

The Order shall apply to Defendants *and Attorneys seeking to redocket any case.*

This Order shall be effective immediately.

Despite the existence of twenty-two other district court divisions and two other traffic divisions in the Jefferson District Court system, the foregoing order applied only in Traffic Division 101.

On March 31, 1994, respondent sentenced petitioner to ninety days incarceration plus fines totaling $600 for operating a motor vehicle on a suspended license. Because petitioner was unable to pay the fines, a show cause date for payment of fines and costs was set. On May 12, 1994, home incarceration with work release was granted and the show cause hearing was continued until July 11, 1994, at 1:00 p.m. On the day petitioner was to appear in court, he was arrested on an unrelated charge and was not released until two days later. While petitioner was incarcerated, respondent proceeded in his absence

with the show cause hearing, issued an arrest warrant for failure to appear, and converted the unpaid fines to thirty days in jail. A contempt penalty of fifty dollars per case was also imposed.

On July 16, 1994, petitioner's public defender attorney went to the office of the district court clerk and sought to redocket the cases and file motions to withdraw the arrest warrants and vacate the orders which had been entered on July 11, 1994. In obedience to the order at issue here, the deputy clerk refused to accept the motion to redocket without payment of a fifty dollar appearance bond for each case. Subsequently all fines and penalties imposed by respondent upon petitioner were converted to "time served" by the judge who succeeded respondent in Traffic Division 101. As such, the charges from which this action arose have come to an end and there is no longer any controversy between these parties.

Petitioner contends that the order in question amounts to a standing administrative order "that effectively require[s] litigants to buy their way into court" in violation of Section 14 of the Constitution of Kentucky, the open courts provision. Petitioner contends that inasmuch as this Court has the exclusive right to promulgate rules of practice and procedure for the Court of Justice under Section 116, a right of prior approval over local rules pursuant to SCR 1.040(3)(a), and the right to exercise control of the Court of Justice pursuant to Section 110(2)(a) of the Constitution, his remedy is by means of an original action here.

It is respondent's position that petitioner has improperly invoked the original jurisdiction of this Court. He asserts that petitioner's remedy would be by appeal or by application for extraordinary writ in the circuit court. Respondent challenges petitioner's interpretation of the order as amounting to an admission fee for access to the Court of Justice and asserts that the claim is moot. In any event, however, respondent maintains that the order is not unconstitutional and is within his "inherent power" to make rules and regulate the proceedings in the court over which he presides.

Prior to reaching the issue we believe to be decisive, it is appropriate to comment upon the administrative order here under review. Whatever its appellation, the "order" is a rule. It is not limited to a particular case, but applies to all cases which fall within its confines. It directs the district court clerk to refrain from redocketing cases in certain circumstances until the defendant has satisfied its terms. Finally, the order appears to have been of an indefinite duration and subject to modification only by the Jefferson District Court Judge sitting in Traffic Division 101. Inasmuch as the order has the characteristics of a rule, whether it be regarded as a rule of court or as a local rule, its promulgation appears to be contrary to the Constitution of Kentucky or the rules of this Court. If the order is treated as a rule of court, it would likely fail as amounting to a violation of Section 116 of the Constitution, and if it is regarded as a local rule, it would appear to be invalid for failure of this Court to have given approval as required by SCR 1.040(3)(a).

Under Section 116 of the Constitution, the power to prescribe rules of practice and procedure for the Court of Justice is vested exclusively in the Supreme Court and should not be undertaken by other courts. The authorization to enact local rules pursuant to SCR 1.040(3)(a) is subject to two conditions: first, that no local rule shall contradict any substantive rule of law or any rule of practice and procedure promulgated by this Court, and second, that it shall be effective only upon Supreme Court approval.

For generations it has been widely believed that local rules were a trap for the unwary and disadvantageous for practitioners unfamiliar with a particular venue. It is this Court's intention to standardize practice and procedure in the Court of Justice to the greatest extent possible and permit local rules only to the extent necessary to satisfy a peculiar circumstance of the locality. In general, the rules of court adopted pursuant to Section 116 of the Constitution are sufficient and need no adornment in the form of local rules. Kentucky attorneys are licensed to practice law in all courts of this Commonwealth and should be able to practice wher-

ever they choose, east and west, rural and urban, without the burden of superfluous local rules, whatever the form in which they may appear.

■ Despite the foregoing, the issue we believe to be controlling is whether this Court should entertain this case as an original action, or whether petitioner should have proceeded in circuit court by means of a petition for an extraordinary writ or in a declaratory judgment action pursuant to KRS 418.040, et seq. Initially it should be conceded that this Court possesses the raw power to entertain any case which fits generally within the rubric of its constitutional grant of authority. As Section 110(2)(a) of the Constitution contains a provision which grants the Supreme Court supervisory control of the Court of Justice, virtually any matter within that context would be subject to its jurisdiction.

■ Whether the Supreme Court should exercise its jurisdiction is another matter. The constitutional language here under review grants this Court jurisdiction "as may be required to exercise control of the Court of Justice." Such language is of a decidedly discretionary tone. The Court is not thereby required to do anything under this provision, but may exercise control if its discretion so indicates. In view of the essential nature of appellate courts, only in well defined or compelling circumstances should an original action be entertained therein.

■ In *Ex Parte Farley*, Ky., 570 S.W.2d 617, 622 (1978), this Court held that it alone, save the limited right of review of the Supreme Court of the United States, had jurisdiction to hear and determine a cause which had as its ultimate objective a judgment declaring what this Court must or must not do. As authority for this, we quoted that portion of Section 110(2)(a) of the Constitution which provides that it shall have such jurisdiction as may be required to exercise control of the Court of Justice. *Id.* at 621. In *Francis v. Taylor*, Ky., 593 S.W.2d 514 (1980), the Court recognized that in addition to appellate jurisdiction and the power to issue all writs necessary in aid of its appellate jurisdiction, the Supreme Court pos-

sessed an independent jurisdiction to exercise control of the Court of Justice. *Id.* at 515. The Court held nevertheless that the Court of Appeals had jurisdiction to issue a writ of mandamus against a circuit judge and that such did not constitute an act of control of the Court of Justice. *Id.* at 516. In *Ex parte Auditor of Public Accounts*, Ky., 609 S.W.2d 682 (1980), the question was whether the auditor was entitled to audit the books and accounts of the Kentucky Bar Association. Relying on *Ex parte Farley*, we held that "because the Association is an arm of the court itself, and therefore cannot properly be sued in any of the other courts of the state, this court is [the] only forum in which the controversy can be heard and officially resolved." 609 S.W.2d at 683. From these authorities, the following principles emerge: First, the Supreme Court has a basis of original jurisdiction by virtue of that portion of Section 110(2)(a) here under review. Second, such original jurisdiction should be sparingly exercised and generally only in cases where no other court has power to proceed.

■ In the instant case, petitioner appears to have been denied access to the Court of Justice by means of an order which had the effect of a local rule which imposed an unauthorized fee. In such a circumstance, an action for a writ of prohibition would appear to have been appropriate. *See* SCR 1.040(6) and *Salyers v. Cornett*, Ky., 566 S.W.2d 418 (1978). Petitioner might have contended that the district court lacked jurisdiction to enact such a rule, relying on SCR 1.040(3)(a) which provides that no local rule shall be effective until it is approved by the Supreme Court, and that he had no adequate remedy by appeal. Petitioner might have contended also that even if the district court was within its jurisdiction, but about to act incorrectly, he had no adequate remedy by appeal and in the absence of extraordinary relief, would suffer great injustice and irreparable injury. *Shumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981). Whether petitioner had made either or both of the foregoing claims, or undertaken a declaratory judgment action, the forum would have been the circuit court and the resulting judgment would have been subject to appeal just as are other final judgments of

circuit courts. In view of the availability of the foregoing remedies, it would be unwise and inappropriate for this Court to reach the merits of this original action. As such, petitioner's claim will be dismissed on grounds that he should have sought relief in the trial court of general jurisdiction. *See* KY. CONST. § 112(5).

In view of our disposition, we need not address respondent's contention that the claim asserted here is barred by the mootness doctrine. It may well be that in view of petitioner's having satisfied the Commonwealth's claims against him, and respondent's rotation from Traffic Division 101, and the subsequent vacation of the order by respondent's successor, that the claims asserted here are indeed moot. To so hold, however, would also require an analysis of whether promulgation of such an order was "capable of repetition yet evading review" which might constitute an exception to the mootness doctrine. *See Philpot v. Patton,* Ky., 837 S.W.2d 491 (1992). Prior to reaching any question as to mootness, we have determined that the action was brought in the wrong forum and we need not go beyond that point.

Accordingly, this action will be dismissed.

LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion in which STUMBO, J., joins.

STEPHENS, Chief Justice.

Respectfully, I must dissent.

The majority's interpretation of *Ex Parte Auditor of Public Accounts,* Ky., 609 S.W.2d 682 (1980), and *Ex Parte Farley,* Ky., 570 S.W.2d 617 (1978) is much too narrow. It limits the original jurisdiction of this Court to only those circumstances "where no other court has power to proceed." The majority takes this approach by suggesting this Court's exercise of jurisdiction in *Ex Parte Auditor of Public Accounts* was based solely upon the fact that "this court is [the] only forum in which the controversy [could] be heard and officially resolved." 609 S.W.2d at 683. The majority concluded this by stating that the decision in *Ex Parte Auditor of*

*Public Accounts* relied upon *Ex Parte Farley.* Thus, when these two decisions are read together, a principle arises that the original jurisdiction of this Court can *only* be exercised where no other Court has power to proceed.

While both of these cases address the question of original jurisdiction, I find nothing in *Ex Parte Auditor of Public Accounts* that suggests its holding limits the exercise of original jurisdiction by this Court to only fact situations similar to those in that case *in which this Court can provide the only forum for relief.* The principles that arise in these cases are separate and distinct. "First, the Supreme Court has a basis of original jurisdiction by virtue of ... Section 110(2)(a)." With this statement by the majority, I do agree. However, the second principle is that original jurisdiction *may* be exercised in cases where no other court has power to proceed.

This Court should not neglect to recognize other situations where original jurisdiction may be invoked by this Court, namely where it is necessary "to assure to the best of its ability the orderly and effective administration of justice in this jurisdiction." *Ex Parte Farley,* 570 S.W.2d 617, 621 (1978) (citing *In Re Appointment of Clerk of Court of Appeals,* Ky., 297 S.W.2d 764, 765 (1957). This case involves an administrative action taken by a lower Court's judge. Because this is an administrative issue, this Court inherently has the authority to exercise jurisdiction to ensure the proper actions are being taken.

STUMBO, J., joins in this dissenting opinion.