Thelma Spencer **COMBS; Brandon Combs; and Paula Spencer Campbell, Appellants,**

v.

**KENTUCKY COURT OF APPEALS and Supreme Court of Kentucky, Appellees.**

No. 2009–SC–000486–OA.

Supreme Court of Kentucky.

March 18, 2010.

As Corrected April 13, 2010.

### OPINION AND ORDER

Thelma Spencer Combs, Brandon Combs, and Paula Spencer Campbell have filed or attempted to file an Original Action in this Court,[1] asking us to exercise our jurisdiction under Section 110(2)(a)[2] of the Kentucky Constitution (Ky. Const.) to adjudge Kentucky Rules of Civil Procedure (CR) 76.16(1)[3] & (4)[4] and CR 76.26[5] unconstitutional and require that unless waived by the parties to the appeal, all cases before the Court of Appeals and

---

1. At best, it is somewhat unclear whether the filing of the purported Original Action is proper under our rules. *See, e.g.,* CR 76.36. Whether or not the action was properly filed, however, the Combses and Campbell are clearly not entitled to the relief requested.

2. Ky. Const. § 110(2)(a) provides that: "The Supreme Court shall have appellate jurisdiction only, except it shall have the power to issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause, or as may be required to exercise control of the Court of Justice."

3. CR 76.16(1) provides that: "Oral arguments on the merits will be heard in all cases appealed from the circuit court unless the appellate court directs otherwise on its own motion or on motion of one or more of the parties to the appeal. CR 76.12(4) provides for the parties to include in their brief statements concerning the need for oral argument in the appeal. In any case where the court orders

on its own motion that oral argument shall be dispensed with, any party shall have ten (10) days from the date of the order in which to object and ask for reconsideration. No opinion shall be rendered until the time has expired for making such objection and motion for reconsideration, or if such objection and motion is made, until it can be decided."

4. CR 76.16(4) provides that: "A person who is not an attorney at law will be permitted to make an oral argument only with special leave of the court."

5. CR 76.26 provides that: "Appeals will be submitted for consideration on the merits by the appellate court when all briefs have been filed or when the time for such filing has expired, whichever is sooner. No paper filed or tendered after submission will be considered unless filed with leave of court."

Supreme Court of Kentucky must be orally argued before being submitted for decision. Although Ky. Const. § 110(2)(a) provides this Court with jurisdiction "to issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause, or as may be required to exercise control of the Court of Justice[,]" this Court has discretion to determine under what circumstances it will exercise its jurisdiction in control of the Court of Justice.[6] In the present case, we decline to exercise our jurisdiction under Ky. Const. § 110(2)(a). There is no constitutional right to oral argument,[7] and this Court will not exercise its jurisdiction to create a rule requiring oral argument.

Because the Combses and Campbell have failed to show that they are entitled to the relief they request, we dismiss their Original Action; and we deny as moot all pending motions.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, SCHRODER, SCOTT, and VENTERS, JJ., sitting. All concur.

NOBLE, J., not sitting.

ENTERED: March 18, 2010.

/s/ John D. Minton Jr.
Chief Justice

---

6. *Abernathy v. Nicholson,* 899 S.W.2d 85, 88 (Ky.1995).

7. The open courts provision of the Kentucky Constitution, Ky. Const. § 14, does not explicitly provide a right to oral argument before Kentucky's appellate courts. And Kentucky courts have never interpreted Ky. Const. § 14 as guaranteeing a right to oral argument before Kentucky appellate courts. Similarly, no other provision of the Kentucky Constitution or the United States Constitution provides a right to oral argument before Kentucky appellate courts.