TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0544-OA

SHEILA SEADLER                                          PETITIONER


V.                              IN SUPREME COURT


INTERNATIONAL BROTHERHOOD OF                 RESPONDENT
ELECTRICAL WORKERS, LOCAL 369


## OPINION AND ORDER

Under Sections 110 and 116 of the Kentucky Constitution and Kentucky Rule of Civil Procedure (CR) 76.36, Petitioner, Sheila Seadler, moves this Court for an order prohibiting or delaying the formation of a collective bargaining unit composed of non-supervisory attorneys employed by the Louisville Metro Public Defender's Office ("Public Defender's Office"). Because Seadler has failed to demonstrate entitlement to such an extraordinary remedy, we deny her petition.

## I. BACKGROUND

Seadler is a non-supervisory staff attorney employed by the Public Defender's Office. In an affidavit accompanying her petition, Seadler states that a group of other non-supervisory attorneys employed by the Public Defender's Office have started the process to conduct an election under the National Labor Relations Act to determine whether to organize for the purpose

of collective bargaining. Respondent, the International Brotherhood of Electrical Workers, Local 369, is the labor union assisting in the formation of the proposed collective bargaining unit. The election was scheduled for December 10, 2021. As a non-supervisory attorney, Seadler contends that she would be a member of the labor organization that would have the exclusive right to represent her if a majority of attorneys in the Public Defender's Office vote in favor of forming the proposed collective bargaining unit.

In her petition, Seadler asserts that an attorney's participation in a labor organization for the purposes of collective bargaining is not expressly permitted by the Kentucky Rules of Professional Conduct ("the Rules") and is implicitly prohibited by the Rules because it creates an impermissible conflict with an attorney's responsibilities to individual clients. Because this Court has the sole authority to govern matters related to the ethical conduct of members of the Kentucky Bar,[1] Seadler petitions for an order prohibiting or delaying the formation of a collective bargaining unit composed of non-supervisory attorneys employed by the Public Defender's Office until the Court can determine whether the Rules permit attorneys to be members of a collective bargaining unit. Specifically, Seadler petitions for an order declaring that the Rules do not allow attorneys to become members of a collective bargaining unit; that membership and participation in activities sponsored by a labor organization are prohibited until the Court is shown that union membership

---

[1] Ky. Const. § 116.

will not materially interfere with each attorney's responsibilities to their clients; and that Seadler may not become a member of the proposed collective bargaining unit or be bound by any action it undertakes.[2]

## II. ANALYSIS

Under Section 110(2)(a), this Court has the power to issue writs necessary to "exercise control of the Court of Justice."[3]  Unlike the usual form of appellate *revisory* writ, where "a case is pending in a lower court and the focus of the writ petition . . . is action or inaction of that particular lower court in that particular case[,]" *supervisory* writs under Section 110 are only available in the Supreme Court and seek to address a broader concern: "this Court's control over the proper functioning of our courts."[4]  Where a supervisory writ is sought "to address an ongoing practice that is not limited to one case or even one judge . . . the usual appellate writ standard applicable to revisory writs is not applicable."[5]  Instead, this Court "simply must determine whether the circumstances are sufficiently compelling to merit a supervisory writ."[6]  That is, "the standard in such matters is very simply whether a majority

---

[2] The election as to whether the non-supervisory attorneys employed by the Public Defender's Office may organize for the purpose of collective bargaining has presumably already occurred. However, Seadler appears to petition for an order declaring that membership or participation in a collective bargaining agreement is prohibited regardless of whether the non-supervisory attorneys have already voted to form a collective bargaining unit.

[3] Ky. Const. § 110.

[4] *Commonwealth v. Carman*, 455 S.W.3d 916, 923 (Ky. 2015).

[5] *Id.*

[6] *Id.*

of this Court believes the circumstances merit a supervisory writ . . . ."[7]  But only in "well defined and compelling circumstances" should such an extraordinary request be entertained.[8]

In this case, that standard is not met.  Seadler asserts that a supervisory writ prohibiting or delaying the formation of the collective bargaining unit is necessary because this Court has the sole authority to promulgate rules governing the discipline of members of the bar, and whether the Rules permit attorneys to be members of a collective bargaining unit is unsettled.  It is true that Section 116 of the Kentucky Constitution vests in this Court the exclusive authority to govern all matters related to the ethical conduct of members of the Bar.[9]  And Seadler correctly notes that whether the Rules permit union membership is an issue of first impression for this Court.  We agree with the Respondent, however, that a supervisory writ is inappropriate because SCR[10] 3.530 provides the proper procedural mechanism to place before this Court a question relating to the interpretation of the Kentucky Rules of Professional Conduct.[11]

---

[7] *Id.*

[8] *Abernathy v. Nicholson*, 899 S.W.2d 85, 88 (Ky. 1995).

[9] Ky. Const. § 116 ("The Supreme Court shall, by rule, govern admission to the bar and the discipline of members of the bar.").

[10] Supreme Court Rules.

[11] We note that this Court has already considered and rejected a request to issue a revisory writ under CR 76.36 in a similar matter, *Niehaus v. Kentucky Ass'n of State Employees, Local 4590*, No. 2000-SC-0256-OA (Ky. dismissed June 15, 2000). In that case, J. David Niehaus petitioned this Court for an order declaring that membership in or association with a proposed collective bargaining unit composed of non-supervisory attorneys employed by the Louisville Metro Public Defender's Office was inconsistent with the duties of an attorney employed by that office. *Id.* at 2. This

Under SCR 3.530, an attorney "who is in doubt as to the ethical propriety of any professional act contemplated by that attorney may request an informal opinion" from the Ethics Committee.[12] Although informal opinions are advisory only, no attorney may "be disciplined for any professional act performed by the attorney in compliance with an informal opinion furnished by the Ethics Committee member pursuant to such attorney's written request . . . ."[13] Further, if the Ethics Committee determines an ethical issue is sufficiently important, "the Committee may issue and furnish to the Board of Governors a proposed opinion authorized by such Committee for approval as a formal opinion."[14] And any person or entity aggrieved by the Board's formal opinion may then petition this Court for review.[15]

Seadler admits she made no attempt to request an advisory opinion under SCR 3.530. In her view, the time limits for the unionization process imposed by the National Labor Relations Board make a request for an advisory opinion from the Ethics Committee impractical, and the duty of obtaining an ethics opinion in this case was on the proponents of union formation anyway. We are doubtful that recourse through SCR 3.530 would be impractical for

Court declined to issue a writ, stating that "SCR 3.530 is the proper procedural mechanism to place before this Court a question relating to the interpretation of the Kentucky Rules of Professional Conduct." *Id.* at 4. Although unpublished, we find that memorandum opinion highly relevant and persuasive.

[12] SCR 3.530(2).

[13] SCR 3.530(5).

[14] SCR 3.530(4).

[15] SCR 3.530(12).

Seadler at this juncture.  But, in any case, we find that these circumstances are not so rare and compelling as to merit a supervisory writ.  Accordingly, we deny Seadler's petition for a supervisory writ under Section 110 of the Kentucky Constitution.

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1. Seadler's Petition filed Pursuant to Section 110 and 116 of the Kentucky Constitution is DENIED;

2. The Louisville and Jefferson County Public Defender Corporation's December 9, 2021, Motion to Intervene Pursuant to CR 24.01 or Alternatively Pursuant to CR 24.02 is DENIED;

3. Seadler's December 29, 2021, Motion for Leave to File a Reply is DENIED;

4. The Louisville & Jefferson County Public Defender Corporation's January 5, 2022, Motion for Leave to File a Reply is DENIED; and

5. The International Brotherhood of Electrical Workers, Local 369's January 12, 2022, Motion to File a Sur-Reply is DENIED.

All sitting.  All concur.

ENTERED: March 24, 2022.

_____
CHIEF JUSTICE

6