RENDERED:  OCTOBER 20, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0243-OA

IN THE SUPREME COURT

EX PARTE LEO G. SMITH, CHIEF PUBLIC                    PETITIONERS
DEFENDER, LOUISVILLE AND JEFFERSON
COUNTY PUBLIC DEFENDER
CORPORATION; AND ELIZABETH B.
MCMAHON, DEPUTY CHIEF PUBLIC
DEFENDER, LOUISVILLE AND JEFFERSON
COUNTY PUBLIC DEFENDER
CORPORATION

## OPINION AND ORDER

Under Sections 109, 110, and 116 of the Kentucky Constitution, Petitioners Leo G. Smith and Elizabeth B. McMahon move for a supervisory writ interpreting the Rules of the Supreme Court, including the Rules of Professional Conduct, to determine whether those Rules permit attorneys to be members of a collective bargaining unit. Because Petitioners have failed to demonstrate entitlement to a supervisory writ, we deny their Petition.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Smith and McMahon are supervisory attorneys in the Louisville and Jefferson County Public Defender Corporation ("the Public Defender's Officer"). The Public Defender's Officer is a non-profit organization rendering legal services to indigent persons accused of crimes and status offenses in Jefferson County.

On November 5, 2021, a petition was filed with the National Labor Relations Board ("NLRB") by the International Brotherhood of Electrical Workers ("IBEW"), Local 369, to represent non-supervisory attorneys employed by the Public Defender's Officer. But on December 2, 2021, Sheila Seadler, a non-supervisory staff attorney in the Public Defender's Office filed a petition for a supervisory writ in this Court raising ethical concerns regarding the effects of unionization on public defender practice.[1] The Public Defender's Office, acting through Chief Public Defender Leo G. Smith and Deputy Chief Public Defender Elizabeth B. McMahon, filed a motion to intervene in that action.

In the meantime, the NLRB proceeded with an election. Most non-supervisory attorneys employed by the Public Defender Office voted to be represented by IBEW, Local 369, for the purpose of collective bargaining over terms and conditions of their employment.

Then, on March 24, 2022, this Court rendered a decision in *Seadler v. International Brotherhood of Electrical Workers, Local 369.*[2] In *Seadler*, we held that "a supervisory writ [was] inappropriate because SCR 3.530 provide[d] the proper procedural mechanism to place before this Court a question relating to the interpretation of the Kentucky Rules of Professional Conduct."[3]

---

[1] Seadler is not a party to this case. Moreover, IBEW, Local 369, has moved to file a response to the Petition in this action but is similarly not a party to the action. At present, only Petitioners Smith and McMahon are parties in this ex parte proceeding.

[2] 642 S.W.3d 712 (Ky. 2022).

[3] *Id.* at 714.

In response, Petitioners requested a formal ethics opinion from the Kentucky Bar Association's Ethics Committee. The Committee declined to issue a formal opinion in response to Petitioners' letter. First, the Committee stated that Petitioners' letter raised issues—including an individual's right to assembly and free speech—that were beyond the purview of the Committee's review. Second, the Committee declined to issue an advisory opinion based on speculative conduct. Third, the Committee concluded that the ethical issues raised in Petitioners' letter were confined to the Louisville and Jefferson Public Defender's Officer and did not raise issues requiring statewide attention.

Now, Petitioners ask this Court to interpret the Kentucky Rules of Professional Conduct to address whether attorneys may become members of a collective bargaining unit.

## II. ANALYSIS

"Under [Kentucky Constitution] Section 110(2)(a), this Court has the power to issue writs necessary to 'exercise control of the Court of Justice.'"[4] Supervisory writs are only available in the Supreme Court and seek to address "this Court's control over the proper functioning of our courts."[5] The standard "is very simply whether a majority of this Court believes the circumstances merit a supervisory writ."[6] But a supervisory writ is an extraordinary remedy

---

[4] *Id.* at 713 (quoting Ky. Const. § 110).

[5] *Id.* (quoting *Commonwealth v. Carman*, 455 S.W.3d 916, 923 (Ky. 2015)).

[6] *Id.* (quoting *Carman*, 455 S.W.3d at 923).

that should only be entertained in "well defined and compelling circumstances."[7]

We deny Petitioners' request for a supervisory writ for two reasons. First, Petitioners' request does not present well defined and compelling circumstances justifying issuance of an extraordinary writ. Second, the ethical issues raised by Petitioners are not of statewide importance.

The Petition raises speculative ethical issues that attorneys *may* face *if* they become members of a collective bargaining unit. Importantly, the two Petitioners involved in this case are supervisory attorneys in the Public Defenders Office, not non-supervisory staff attorneys who may join a collective bargaining unit. As such, Petitioners have failed to raise an active ethical controversy that is appropriate for resolution by this Court.

Of course, the ethical issues raised by Petitioners may be compelling in the sense that they raise interesting, complex, and novel legal issues of first impression for this Court. But the Petition is based on potential, unspecified unethical conduct that may arise sometime in the future. As such, Petitioners have not advanced compelling claims simply because it is unclear that the unethical conduct complained of will occur.

In fact, the breadth of the issues raised by Petitioners cautions against issuance of a supervisory writ. Petitioners' arguments are not limited to attorneys practicing as public defenders or in the context of criminal defense.

---

[7] *Id.* (quoting *Abernathy v. Nicholson*, 899 S.W.2d 85, 88 (Ky. 1995)).

4

Instead, Petitioners contend that it is unethical for *any attorney* in the Commonwealth to join a collective bargaining unit. True, Petitioners cite some rules that may be violated by an attorney's membership in a collective bargaining unit. Still, Petitioners do not provide any active unethical situation; instead, petitioners only advance claims about future or potential ethical issues caused by attorneys unionizing. To our knowledge, none of the attorneys that are unionizing and thus potentially engaging in the allegedly unethical conduct are parties to this action. And no clients of such attorneys, including criminal defendants, are alleging unethical conduct resulting from an attorney's membership in a union. At bottom, answering the expansive legal questions raised by Petitioners would require this Court to imagine and then resolve several hypothetical ethical situations.

We understand that this result may seem inequitable since Petitioners followed our direction in *Seadler* by first seeking an ethics opinion from the Kentucky Bar Association Ethics Committee. But a supervisory writ is an extraordinary remedy, to be granted only in limited situations. And this Court does not issue advisory opinions.[8] Resolving questions regarding potential ethical issues arising by attorneys joining a collective bargaining unit is a textbook example of an advisory opinion, especially when none of the attorneys

---

[8] *See Nordike v. Nordike*, 231 S.W.3d 733, 739 (Ky. 2007) ("It is a fundamental tenet of Kentucky jurisprudence that courts cannot decide matters that have not yet ripened into concrete disputes. Courts are not permitted to render advisory opinions.") (citations omitted).

who may engage in the alleged unethical conduct and no clients affected by potentially unethical conduct are parties to the action.

Petitioners expressly ask, "when the Ethics Committee . . . chooses not to issue an informal opinion addressing an attorney's concerns, what is an attorney to do?"  For one, any individual attorney concerned about the potential ethical implications of joining or continuing membership in a collective bargaining unit may seek an opinion from the Kentucky Bar Association Ethics Committee.  While the Ethics Committee declined to issue an opinion in response to Petitioners' request, the Committee's response to Petitioners left open the possibility that the Committee would address ethical concerns raised by individual attorneys regarding union membership. Additionally, the KBA Ethics Hotline is a resource for attorneys to seek prompt and personal ethical advice.

The issues raised by Petitioners also do not have statewide impact.  In the case at hand, the issues related to attorney membership in collective bargaining units are limited to a small number of attorneys in Jefferson County.  As such, we are reluctant to render a decision of statewide impact when the underlying issues only involve a relatively small number of attorneys practicing in the Commonwealth.

Ultimately, the circumstances in this case are not sufficiently well defined and compelling to warrant the issuance of a supervisory writ.  To be clear: we decline to issue the requested supervisory writ, but we take no position on the substantive issues raised by Petitioners.

6

Accordingly, the Court ORDERS that:

1.      The Petition for a supervisory writ under Sections 109, 110, and 116 of the Kentucky Constitution is DENIED;

2.      International Brotherhood of Electrical Workers, Local 369's motion for leave to file a response is DENIED;

3.      Petitioner's motion for leave to file a reply to International Brotherhood of Electrical Workers, Local 369's, response is DENIED; and

4.      International Brotherhood of Electrical Workers, Local 369's, motion for leave to file sur-reply is DENIED.

All sitting. All concur.

ENTERED: October 20, 2022

_____
CHIEF JUSTICE

7