### Puckett v. Commonwealth.

(Decided October 23, 1925.)

### Appeal from Union Circuit Court.

1. Arrest—Arrest Without "Warrant" Proper, where Made Under Search Warrant when Liquor Found in Presence of Officer.— Where, under a search warrant, officer discovered moonshine in defendant's house, no further warrant was necessary to arrest defendant, in view of Criminal Code of Practice, section 36, subdivision 2, authorizing arrest without a "warrant," where misdemeanor is committed in presence of officer, as the office of a warrant is to bring offender before magistrate, where arrest is not authorized without such warrant.

2. Indictment and Information—Intoxicating Liquors—Trial Without Warrant or Indictment Proper, where Arrest was Authorized Without Warrant.—Trial in quarterly or circuit courts, based on arrest following discovery of liquor in plaintiff's house, without indictment, information, or further warrant, was proper, where accused, under Criminal Code of Practice, section 36, subdivision 2, was properly arrested without a warrant, since misdemeanor was committed in presence of officer, and such arrest having given court jurisdiction, no pleadings were necessary, in view of section 318.

3. Intoxicating Liquors—Prosecution in Quarterly Courts Intended by Statute to be in Same Manner as Police or Magistrate Courts.— Prosecution in quarterly court for violation of liquor laws is in-

tended by Ky. Stats., section 2554a-41, and section 1093, to be in same manner and fashion as in police and magistrate courts.

YEAMAN, PENTECOST & YEAMAN, F. J. PENTECOST and T. S. WALLER, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Under a search warrant, not complained of as such, the residence of the appellant was searched by the sheriff of Union county and a large quantity of moonshine liquor there found. The appellant was present at the time of the search and discovery of the liquor and the sheriff, immediately on its discovery, arrested the appellant on the charge of illegally possessing it. He was later put on trial in the Union quarterly court and found guilty of such charge. On appeal to the Union circuit court he was likewise so found guilty. No indictment or written information or any warrant other than the search warrant hereinbefore mentioned was ever taken out against the appellant. He made seasonable objection in both the quarterly and circuit courts to any trial of the case in the absence of a warrant, indictment or information, which objections were overruled. Thereupon the prosecuting attorney was given permission to read as a basis for the prosecution the search warrant hereinbefore mentioned. In this appellant insists there was error. Section 8 of the Criminal Code provides that persons charged with the commission of a public offense shall be liable to be immediately arrested and proceeded against in a manner thereinafter directed. Section 36, subsection 2 of the same Code, provides that a peace officer may make an arrest without a warrant when a misdemeanor, as was the case here, is committed within his presence. Sections 46, 48, 50 and 51 provide what shall be done on an examining trial where a defendant has been arrested without a warrant. The primary office of a warrant is to authorize the arrest of an offender in that state of case where the peace officer is not authorized to make an arrest without such warrant. Bouvier's Law Dictionary thus defines a warrant of arrest:

"A writ issued by a justice of the peace or other authorized officer, directed to a constable or other

person, requiring him to arrest a person therein named, charged with committing some offense, and to bring him before that or some other justice of the peace.''

In Shappee v. Curtis, 127 N. Y. Supp. 33, the court said:

"The office of a warrant is to bring the person charged before the magistrate.''

.In Wade v. Commonwealth, 3 Ky. L. Rep. 442, this court said:

"The object (*i. e.*, of the warrant) is to get the party accused before the justice when he has violated the law.''

Where a peace officer is justified in making an arrest without a warrant it is not apparent why a warrant should thereafter have to be taken out to authorize the officer to do what he has already done rightfully and without a warrant. With reference to police courts, section 318 of the Criminal Code provides:

"No written information or pleadings are required in prosecutions in which an indictment is unnecessary.''

Section 330 makes the same provisions with reference to proceedings in the justices' courts. In the Wade case, *supra*, this court, in commenting on this section of the Code, said:

"When the justice has the jurisdiction, no pleading is necessary.''

It is plain that the legislature meant that prosecutions in the quarterly court for violation of the liquor laws should be in the same manner and fashion as prosecutions in the police and magistrates' courts. Cf. Kentucky Statutes, section 2554a-41. See also Kentucky Statutes, section 1093. From these sections of the Criminal Code and statutes it follows that when an offender has been lawfully arrested without a warrant there is no need for an indictment, warrant or written information to be filed against him in the prosecutions in the justice, police or quarterly courts, but the pleadings may be oral. Of course, the defendant is entitled to know what charge

he will be prosecuted for and to have reasonable opportunity to prepare his defense, but under the state of case here present he is not entitled to have any warrant or information or indictment returned against him as a basis for the prosecution. He has been lawfully arrested without a warrant. There is no reason to issue a warrant to arrest him when he is already under arrest. By reason of the arrest, the police, justice or quarterly court has jurisdiction of the offender. Jurisdiction having been properly acquired, written pleadings are dispensed with.

Rammage v. Kendall, 168 Ky. 26, 181 S. W. 631, relied upon by appellant, announces no contrary doctrine. In this case, Rammage, who was a witness for another in a seduction trial, testified that he had had sexual intercourse with the prosecuting witness. Thereupon, Kendall, the trial judge, during the seduction trial and without any proceedings against Rammage being instituted in his court, fined Rammage $50.00 for the offense of fornication. This court held that Kendall had no right to inflict such fine. Its entire opinion was directed to the proposition that before Kendall could inflict such fine, his court must have acquired jurisdiction of Rammage. After pointing out that the usual way a court acquires jurisdiction of an offender is by the issuance of a warrant or the filing of an indictment or information followed by a warrant, the court goes on to say:

"It is true that the Criminal Code provides that, if an offense is committed in the presence of a peace officer, it is made the duty of the officer to arrest the offender and take him before the county judge or justice of the peace, to be dealt with according to the laws, and, if an offense is committed in the presence of a magistrate, he may orally order the arrest of the offender. If an arrest is made by a peace officer of one committing an offense in his presence, he must take him at once to a magistrate, and there state the grounds of his arrest. These are the only two instances in which a county judge or justice may have jurisdiction of an offender, except when a warrant, summons, penal action, or information is filed against him, and he is served with a summons or warrant, or where an indictment for a misdemeanor is transferred to the county court by order of the

circuit court, or when one indicted for a misdemeanor is in jail in default of bail.''

This court thus clearly indicates that a court may have jurisdiction of an offender and proceed with his trial though no warrant or information or indictment shall have been filed against him provided the arrest shall have been made under such circumstances as dispense with a warrant. This is made to appear still more clearly when the court went on to say:

''The appellant was not before the appelleee upon any warrant, summons, penal action, nor information which charged him with any offense. The offense was not committed in the presence of the appellee, nor in the presence of any peace officer who arrested him and brought him before appellee for the purpose of a trial of the charge.''

It is, therefore, apparent that the first question in a case of this character is to determine whether or not the court has rightfully acquired jurisdiction of the offender. If it has acquired such jurisdiction because the offender was arrested without a warrant in that state of case where such arrest without a warrant was authorized, then no written pleadings are thereafter required. The lower court then committed no error in overruling the appellant's objections to the trial being had without a warrant, indictment or information. He does not complain that he did not know the charge upon which he was being tried, nor does he complain he was not given a reasonable opportunity to prepare his defense. This, under the facts of this case, was all that he was entitled to.

Perceiving no error prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.

Whole court sitting.