## Scott v. Commonwealth.

(Decided October 1, 1926.)

### Appeal from Hardin Circuit Court.

1. **Arrest—Criminal Law—Arrest Held Valid, and Defendant's Possession of Liquor Discovered Before Arrest for Breach of Peace Without Warrant and Without Search of Person, Held Competent, as Offense May be Deemed as in Officer's Presence.**—That defendant's possession of bottle of whiskey for which he was prosecuted was discovered before his arrest for a breach of the peace and without a search of his person upon or following the arrest held not to render evidence of possession incompetent, notwithstanding officers' nonpossession of warrant for breach of the peace, since offense may be said to have been committed in officers' presence.

2. Intoxicating Liquors.—Evidence held to sustain conviction for unlawful possession of intoxicating liquor.

J. E. WISE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Jack Scott, on his trial under an indictment duly charging the offense, was by verdict of a jury and the judgment of the Hardin circuit court convicted of unlawfully having in his possession intoxicating liquor and his punishment fixed at confinement of one year in the penitentiary, and by this appeal he seeks the reversal of the judgment of conviction.

It was alleged in the indictment that the offense of which the appellant was thus found guilty was the second committed by him against the statute known as the "Rash-Gullion Act" (chapter 33, Acts General Assembly 1922), and, also, alleged therein that he had previously committed and been convicted of a former like offense against the statute, *supra,* and that both these offenses were committed after the Rash-Gullion Act became operative, which facts, if established by the Commonwealth's evidence, under a provision of the act made the appellant's second offense a felony and punishable as such.

The chief question raised by the appellant's motion and grounds for a new trial overruled by the circuit court was as to the alleged insufficiency of the evidence, and this is the only question urged by his counsel on the appeal for the reversal of the judgment of conviction. It is not claimed by the latter that the evidence did not prove the appellant's unlawful possession of the intoxicating liquor for which he was tried and convicted in this case, or that it did not prove his previous conviction of the former like offense charged in the indictment. But it is his contention that the whole of the evidence was incompetent and should, on his objection, have been excluded, because obtained by an arrest of the appellant without a warrant, and for an offense other than that for which he was convicted.

The following facts appear from the evidence: The arrest of the appellant was made by Hinton, policeman,

for a breach of the peace charged by a warrant issued at the request of his mother. It is true this warrant was not in Hinton's hands when he arrested the appellant but in the possession of Lusby, another policeman, to whom it had been given by Barry, the police judge, who had advised Hinton of its issuance and directed him to arrest the appellant upon seeing him. Upon meeting appellant and before arresting or even accosting him, Hinton discovered in his possession a bottle containing a quart of moonshine whiskey. The bottle was in the pocket of the appellant's undercoat and became exposed to Hinton's view upon his (appellant's) getting out of the conveyance in which he was riding by the momentary displacement of the tail of an overcoat he was also wearing.

Following the arrest and while Hinton was on the way with the appellant to the police court, the latter voluntarily surrendered to him the bottle of whiskey, which was later used as evidence against him on his examining trial in the police court, and also on his trial in the circuit court.

On the hearing before the police court, by an order then entered, the warrant charging the appellant with a breach of the peace was "filed away," and he was held on the charge of unlawfully having in possession intoxicating liquors, as constituting a second offense against the statute, *supra,* and remanded to jail, upon failure to give bail, to answer the indictment later returned against him.

There was no evidence introduced in behalf of the appellant on the trial in the circuit court, and it is apparent from the evidence recited above that his possession of the bottle of whiskey in question was discovered before his arrest for the breach of the peace, and without a search of his person upon or following the arrest, and in view of these facts, it is our conclusion that the evidence was, as a whole, competent, therefore the refusal of the trial court to exclude it and also its refusal to give the peremptory instruction asked by the appellant was free of error. In other words, the situation thereby presented was one in which an offense may be said to have been committed in the officer's presence, therefore the appellant's subsequent arrest and prosecution therefor were authorized notwithstanding the officer's nonpossession at the time of a warrant formally charging the

offense. Puckett v. Comlth., 210 Ky. 764; Whitaker v. Comlth., 188 Ky. 95.

And as the appellant's conviction in the circuit court, was authorized by the evidence, which also established his previous conviction of a like offense against the same statute, the judgment must be and is affirmed.