**James W. MEEKEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 21, 1971.

---

Joseph S. Freeland, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellant was convicted of maliciously cutting and wounding Lula Mae Brown. His punishment was fixed at imprisonment for ten years. KRS 435.170.

For reversal it is contended that the evidence for the Commonwealth was insufficient to support the verdict and that identification testimony was inadmissible because it evolved from an illegal post-arrest lineup.

The Commmonwealth presented evidence tending to show that the appellant had cut the throat of Lula Mae Brown. He denied his guilt and asserted that he had not been with the victim at all on the day she was assaulted. It was admitted that appellant and the victim had lived together for some time but had become estranged shortly before the crime. Whether it was the appellant or some unidentified person who cut the victim's throat was an issue of fact for resolution by the jury. Despite appellant's denial and evidence of alibi, there was an abundance of evidence to support the verdict of guilty.

There was a post-arrest lineup in which appellant was viewed by two witnesses who identified him there. These two witnesses made in-court identification, relating the fact of their previous identification of appellant in the lineup. The officer arranging the lineup presented appellant with a written statement detailing his right to counsel, but appellant signed a full waiver of that right. There was no showing refuting the Commonwealth's claims that the lineup was properly conducted and that appellant understandingly and voluntarily waived his right to have counsel there. In these circumstances the requirements established in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, were fully met.

The judgment is affirmed.

All concur.