**Gary D. SHANKS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 14, 1978.

Rehearing Denied Sept. 22, 1978.

Discretionary Review Denied
Jan. 30, 1979.

**164**

Mark A. Posnansky, Asst. Public Defender, Commonwealth of Kentucky, Jack Emory Farley, Public Defender, Commonwealth of Kentucky, Frankfort, for appellant.

Victor Fox, Asst. Atty. Gen., Robert F. Stephens, Atty. Gen., Frankfort, for appellee.

Before HOGGE, HAYES and REYNOLDS, JJ.

HOGGE, Judge.

This is an appeal from a judgment of the Fayette Circuit Court sentencing the appellant, Gary D. Shanks, to ten years in the penitentiary on his conviction for three counts of robbery in the first degree. On this appeal, Shanks raises certain issues with respect to the pretrial showup and lineup procedure, and denial of his motion for a continuance.

On October 20, 1976, three Indiana residents, Duard Leach, Richard Vance, and Harold Greathouse, were robbed in a Lexington hotel room by two armed men. One of the two men, whom Leach and Vance identified as Freddie Lynem, met the three victims who were attending the races at Keeneland and offered to help them get a room at the University Inn. After purchasing some liquor, the three companions and the stranger proceeded to the University Inn, where Leach, Vance, and Greathouse registered. According to the testimony of Leach and Vance, the new acquaintance then offered to take Vance's car and bring back some party girls. When he returned he had a companion, and the two men, who were armed, took cash from Leach, Vance, and Greathouse.

Later that evening, Leach and Vance identified appellant and Lynem as the perpetrators of the offense on the basis of police photographs. The appellant testified that the next morning while he was in court on an unrelated matter, a detective was sitting there with three other people, whom he could not now identify because he was not paying attention. The detective was pointing at him. Appellant also stated that the victims saw him being brought in by the guards prior to lineup. However, Mr. Vance and Mr. Leach denied having seen Shanks other than during the robbery, at the lineup, and on the day of trial.

At the trial appellant denied having anything to do with the robbery. He maintained that he had spent the time in question with his girlfriend, Lana Caldwell, and that they had attempted to get a room at University Inn, but were there for no other purpose. The testimony regarding the attempt to obtain a room was corroborated by Miss Caldwell and a motel maintenance man.

The appellant was convicted of robbery in the first degree and received a sentence of ten years. He now appeals.

The first issue raised is whether the lineup procedure was unduly suggestive, and whether it was improperly conducted with-

out the presence of counsel. An attorney, whom officers believed to represent appellant, a Mr. Larson, asked for the holding of a lineup and indicated that he would not be able to be present. The appellant contends that these facts are not sufficient to show a valid waiver of right to counsel if one existed, and this is not disputed by the appellee. *Meekey v. Commonwealth*, Ky., 467 S.W.2d 360 (1971).

The lineup in this case was held about a month after the offense was committed and the arrest was made, but before the preliminary hearing. The right to counsel in post-indictment lineups was established in *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). In *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), however, it was held that the right to counsel did not apply to an identification made shortly after arrest and before the defendant was formally charged with a criminal offense. In *Kirby* general principles regarding the right to counsel were discussed:

In a line of constitutional cases in this Court stemming back to the Court's landmark opinion in *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, it has been firmly established that a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him. . . . whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.

It is not altogether clear from the record as to the relative timing of the lineup proceedings and the preliminary hearing. However, on oral argument, it was developed that the identification was made prior to the preliminary hearing.

■ The constitutional right to counsel attaches at or after the time that adversary judicial proceedings have been initiated. *Kirby, supra; Moore v. Illinois*, 429 U.S. 1061, 97 S.Ct. 783, 50 L.Ed.2d 776 (1977). Here the preliminary hearing was the initiation of an adversary judicial proceeding. Since the identification was made prior to the adversary judicial proceeding, we hold that the appellant's constitutional right to counsel was not violated in this case. *Kirby, supra; Moore, supra*. At this preliminary hearing, the charges against the appellant were dismissed, but he was subsequently indicted.

■ The appellant further contends that the trial court erred in admitting evidence of the lineup for the reason that the lineup "may have been tainted" by the witnesses having seen the appellant in court prior to the lineup. This assertion is based on the fact that the victims were in the vicinity of the courtroom on the same day appellant was in court and that the appellant testified that he saw a detective point to him while accompanied by three people. Appellant testified that he did not know whether these people were the prosecuting witnesses or not. There was testimony from both of the two identifying witnesses that they had never seen appellant other than at the robbery and in the lineup. We hold that in view of the foregoing evidence, there was no error in admitting the lineup identification.

The remaining issue raised by the appellant is whether prejudicial error was committed when he was denied a continuance in order to obtain the testimony of Freddie Lynem, who allegedly would have testified that he had committed the offense himself and that Shanks had had no part in it. The motion for continuance was accompanied by an affidavit to the effect that the parties had stipulated that Lynem, if present, would testify "that Gary Shanks did not commit any robbery." The trial court overruled the motion and read the contents of the affidavit to the jury. Appellant now contends that mere reading of the affidavit was not sufficient for the reason that it did not have the impact of an admission by Lynem in person that he himself committed the crime.

■ However, after the trial court overruled the motion for a continuance and

announced his intention to read the affidavit, counsel for the appellant stated, "All right, sir. I don't have any objection to that overruling." This statement waived any objection which the appellant may have had, and in view of the reading of the affidavit, submitted by appellant's counsel with his motion for continuance, we cannot say that any manifest injustice has occurred. CR 61.02.

The judgment is affirmed.

All concur.