COMMONWEALTH of Kentucky,
Appellant,

v.

William WORTMAN, Appellee.

COMMONWEALTH of Kentucky,
Appellant,

v.

Johnny SISCO, Appellee.

Nos. 95–CA–0681–MR, 95–CA–0840–MR.

Court of Appeals of Kentucky.

May 24, 1996.

Chris Gorman, Attorney General, Amy F. Howard, Assistant Attorney General, Frankfort, for Appellant.

William F. Polk, Jr., Henderson, for Appellee William Wortman.

Martha Q. Polk, Henderson, for Appellee Johnny Sisco.

Before DYCHE, GARDNER and HUDDLESTON, Judges.

DYCHE, Judge.

In each of these cases, the Henderson Circuit Court has ordered Anita Mindrup–Ivie, Judge of the Henderson District Court, to reopen the previously conducted preliminary hearing (Ky. Rules of Criminal Procedure [RCr] 3.10), and to allow the appellee/defendant "to call a witness or witnesses to testify in his behalf...." Finding no abuse of discretion by the district judge, we reverse.

Appellee Wortman was charged with First Degree Stalking (Ky.Rev.Stat. [KRS] 508.140) on a complaint from his wife. At the preliminary hearing, the Commonwealth established probable cause through the testimony of a city police officer, who had investigated the complaint and arrested Wortman. Defense counsel attempted to call Mrs. Wortman to testify, but did not articulate any reason, or indicate to the court the nature of the testimony, or its relevance to the determination of probable cause. The district judge denied the request, and found that

sufficient probable cause had been established to hold Wortman "to answer in the circuit court. . . ." RCr 3.14(1).

Sisco was charged with Bribing a Public Servant (KRS 521.020). It was alleged that he gave a deputy jailer $10.00 to bring another inmate into his cell so he could assault the other inmate. At the preliminary hearing, the Commonwealth established probable cause through the testimony of the Jailer, Terry Haynes. Following the jailer's testimony, and cross-examination, defense counsel attempted to call, as its witness, the deputy jailer who was the object of the bribery. Again, no indication was given as to how the testimony of the proposed witness would bear on the issue of probable cause, and again the district judge denied the request.

The present actions, in the nature of *mandamus,* were initiated by appellees in the Henderson Circuit Court under Ky. Rules of Civil Procedure (CR) 81, seeking orders remanding the matters to the district court for reopening of the preliminary hearings, at which appellees would be allowed to call the witnesses they wished. The relief was granted; these appeals followed.

■ The sole purpose of a preliminary hearing under our rules is to determine whether there is probable cause to believe that the defendant committed a felony and, if so, whether and under what conditions he is to be released pending indictment. RCr 3.14(1); *Commonwealth v. Watkins,* Ky., 398 S.W.2d 698, *cert. denied,* 384 U.S. 965, 86 S.Ct. 1596, 16 L.Ed.2d 677 (1966). The preliminary hearing is not a mini-trial, nor is it a discovery tool for the defense. *King v. Venters,* Ky., 595 S.W.2d 714 (1980).

RCr 3.14(2) provides, in part, "The defendant may cross-examine witnesses against him and **may introduce evidence in his own behalf.**" (Emphasis added.) The rule is very clear. The privilege, however, is not unrestricted.

■ The evidence tendered by the defendant must be relevant to the two issues addressed by the rule and those two issues only. As in other proceedings, the district court, at the preliminary hearing stage, has

great discretion in controlling the introduction of evidence; this discretion will not be disturbed absent a clear showing of abuse. (R. Lawson, *Kentucky Evidence Law Handbook* § 3.20 3d ed. 1993). *See also* Ky. Rules of Evidence (KRE) 611(a).

We agree that ordinarily the competence and relevance of a witness'[s] proposed testimony are to be determined after he takes the stand, not before. However, where the circumstances are such as to indicate that a proposed witness probably will have no relevant and competent testimony to give, and that he is being called as a witness for frivolous or otherwise improper purposes, the trial court may by appropriate inquiry determine whether there is any probability that the witness will have any relevant and competent testimony to give, and if not may refuse to allow the witness to take the stand.

*Tinsley v. Commonwealth,* Ky., 495 S.W.2d 776, 781, *cert. denied,* 414 U.S. 1077, 94 S.Ct. 595, 38 L.Ed.2d 484 (1973), *and* 414 U.S. 1145, 94 S.Ct. 898, 39 L.Ed.2d 101 (1974).

■ Our examination of the record in each of the present cases indicates that there was no articulation of the value, competence, or relevancy of the proffered testimony. We therefore find no abuse of discretion by the district court.

The orders of the Henderson Circuit Court are reversed.

All concur.