Honorable Sean DELAHANTY, Judge, Jefferson District Court, Appellant,

v.

COMMONWEALTH of Kentucky, ex rel. Irv MAZE, Jefferson County Attorney, Appellee.

No. 2008–CA–000580–MR.

Court of Appeals of Kentucky.

July 31, 2009.

Harry B. O'Donnell IV, Louisville, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Michael J. O'Connell, Jefferson County Attorney, David A. Sexton (argued), Special Assistant Attorney General, Assistant Jefferson County Attorney, Louisville, KY, for Appellee.

Before ACREE, TAYLOR and THOMPSON, Judges.

## OPINION

THOMPSON, Judge:

This action is before this Court after the Jefferson Circuit Court granted a Petition for Writ of Prohibition against the appellant, Jefferson District Court Judge Sean Delahanty. The controversy involves a verbal and written prohibition, promulgated by the appellant, that prohibits the county attorney and his assistants from making objections to defense counsel's questions during preliminary hearings to establish probable cause to detain a defendant pending indictment. The issues before us are as follows: (1) whether the Jefferson Circuit Court had jurisdiction to issue the writ against a district court judge; (2) whether a summons was required to be issued to the appellant to properly commence the action; (3) whether the county attorney had standing to file the petition for a writ of prohibition; (4) whether the writ was properly issued because the appellant had no authority to prevent the county attorneys from cross-examining defense witnesses; and (5) whether the appellant promulgated a rule in contradiction of Section 116 of the Kentucky Constitution or SCR 1.040(3)(a). We affirm.

For practical reasons, the record on appeal does not include the presumably hundreds of probable cause hearings heard by the appellant.[1] However, we do have the benefit of an audio tape of a hearing during which the appellant expressed his frustration with the conduct of an assistant county attorney during preliminary hearings. Because the appellee does not dispute the facts as recited by the appellant, we accept them as accurate.

The appellant voiced his frustration with a particular assistant county attorney whom he referred to as "obnoxious" and a "nuisance." He further stated that other judges within the court system had expressed the same view. The source of appellant's displeasure with the particular attorney was his continued frivolous objections on the basis of hearsay, relevancy, discovery, and a myriad of other grounds to defense counsel's questions during preliminary hearings. The appellant pointed out that he had consistently overruled the objections and the waste of judicial efficiency caused by repeated interruptions.

Following a discourse between the appellant and the attorneys present, the appellant informed them that they were precluded from objecting to questions posed by the defense during the course of all future preliminary hearings on the following grounds: (1) the question is "discovery related"; (2) the question is "irrelevant"; or (3) it is simply a "bad question." The court warned that a violation of the rule would result in contempt. After additional discussion concerning the disruption to proceedings caused by frivolous objections, the appellant pronounced that preliminary hearings in his courtroom would be conducted as follows:

> "The County will present its case followed by the defense counsel's opportunity to ask any questions for a limited time. The county will then be deemed to have a standing objection to discovery related questions, irrelevant questions, and bad questions."

Subsequently, the appellant signed the following document which we recite verbatim:

> This document memorializes the verbal instructions this Court has given to

---

**1.** The appellant had been a district court judge in excess of nine years.

lawyers regarding Probable Cause Hearings for the past nine years.

\* \* \* \* \* \*

The Court's responsibility in a Probable Cause Hearing is to make a determination if a felony crime was committed and whether the defendant was likely to have committed that crime.

After the Commonwealth has completed its direct examination of its witnesses, the defense can cross-examine that witness asking most any question, for a limited time.

The Commonwealth has a standing objection to each and every question asked by the defense. The standing objection includes the issue of relevance, asked and answered, improper discovery, and I'm tired of listening to defense counsel.

At the conclusion of the Commonwealth's case, if the defense requests to call witnesses, defense counsel will be required, as an officer of the court, to make a proffer of evidence as to the substance of the witnesses testimony.

Probable cause is an issue of law. Witnesses offered for credibility will not be permitted to testify.

Credibility is an issue for the trier of fact, the jury, and Court will not substitute its judgment for the jury's.

Following receipt of the document, the Jefferson County Attorney[2] filed an original action in the Jefferson Circuit Court seeking a writ of prohibition against the appellant. The Jefferson Circuit Court entered an interlocutory order staying the enforcement of the rule and subsequently granted the relief.

■ The appellant argued before the circuit court, and now before this Court, that the filing of a writ in the Jefferson Circuit Court was not the proper avenue of relief. He maintains that the circuit court lacked jurisdiction over an original action seeking a writ of prohibition against a district court judge.

There is controlling precedent on this issue. In *Abernathy v. Nicholson*, 899 S.W.2d 85, 86 (Ky.1995), the Jefferson District Court Judge entered an "administrative order" that prohibited a person with an outstanding arrest or bench warrant from appearing before him until previously ordered contempt fines had been paid, or if none existed, an appearance bond in the amount of fifty dollars be posted for each case, or until a judge ordered the case re-docketed. Mr. Abernathy challenged the "order" by filing an original action in the Kentucky Supreme Court.[3] The Supreme Court held that Abernathy should have filed either a petition for an extraordinary writ or a declaratory judgment action in circuit court and not an original action in the Supreme Court. *Id.* at 88–89.

Consistent with *Abernathy*, in *Commonwealth v. Williams*, 995 S.W.2d 400 (Ky. App.1999), we held that the proper relief from a district court ruling is in the nature of mandamus or prohibition in the appellate court. As in this case, the proper appellate court was the circuit court. *Id.* at 403.

Support is found in CR 81, SCR 1.040(6) and KRS 23A.080(2) for the opinions of both Courts. CR 81 provides that "[r]elief heretofore available by the remedies of mandamus, prohibition ... may be ob-

---

**2.** During the pendency of this appeal, Jefferson County Attorney Irv Maze resigned and Michael J. O'Connell was appointed as his successor in office. Pursuant to CR 76.24(c)(1), Mr. O'Connell was substituted as a party.

**3.** The Supreme Court held that the "order" was actually a rule.

tained by original action in the appropriate court." SCR 1.040(6) states: "[p]roceedings for relief in the nature of mandamus or prohibition against a district judge shall originate in the circuit court." Finally, in 1978, the General Assembly enacted KRS 23A.080(2), which confers upon the circuit court to "issue all writs necessary in aid of its appellate jurisdiction. . . ."

The requirement that a writ of prohibition against a district court be filed in the circuit court is not without reason. It provides rapid and easy access to the court system within the same county when the act complained of will result in immediate and irreparable harm. Threatened with contempt, the County Attorney followed the precise procedure set forth in *Abernathy* and *Williams*.

Despite the clear authority found in statutory law, our rules, and case law, the appellant presents a constitutional challenge to the circuit court's jurisdiction. He argues that Section 110 provides that the Supreme Court shall have the power to issue writs necessary in the aid of its appellate jurisdiction and, similarly, Section 111 grants the same power to the Court of Appeals. He emphasizes Section 112 applicable to circuit courts contains no reference to the power to issue writs. Although he recognizes that KRS 23A.080(2) confers such authority on the circuit courts, he proposes that it is unconstitutional because it amended Section 112 to create a writ power in the circuit court and, therefore, is an unconstitutional amendment of the Constitution prohibited by Sections 27 and 28.

This constitutional argument is unpersuasive. Section 112 states that the circuit court shall have original jurisdiction of all justiciable causes not vested in some other court and "appellate jurisdiction as may be provided by law." Because this argument is directly refuted by the language empow-

ering the General Assembly to confer the authority to issue writs on our circuit courts, further discussion is unwarranted, and we simply state that the statute is constitutional.

■ We likewise readily dispose of the appellant's contention that a summons was required to be issued to him to properly commence the original action and to confer personal jurisdiction over him. His reliance on CR 3 is misplaced and in direct contradiction of case law. *Stallard v. McDonald,* 826 S.W.2d 840, 842 (Ky.App. 1992) states:

[S]ervice of process is not required upon a district judge in an action in circuit court for a mandamus against him. *Sweasy v. King's Daughters Memorial Hospital,* Ky., 771 S.W.2d 812, 816–17 (1989). Although we note Appellees argument that *Sweasy* is limited to an original action in this Court, we find it to be persuasive on the analogous question presented. Notably, the Supreme Court in *Sweasy* reasoned a judge of a lower court was only a nominal party, who has no interest in the outcome, and whose only connection to the matter is his duty to obey the decision of the appellate court. *Id.* It went on to note, as a point of explanation, certain amendments to the Civil Rules, which allowed the real party in interest, who would be the party affected if the mandamus is ordered, to appear and defend the lower court's decision. *Id.; See* CR 76.36. As a result, we do not think the *Sweasy* decision is limited to mandamus actions under CR 76.36, but is applicable to all mandamus actions.

■ Equally unpersuasive is the appellant's contention that the county attorney did not have standing to commence the action. Standing is a legal term defined as a "sufficient legal interest in an otherwise justiciable controversy to obtain

some judicial decision in the controversy." *Kraus v. Kentucky State Senate,* 872 S.W.2d 433, 439 (Ky.1993). The county attorney is obligated by statute to prosecute offenses against adults or juveniles subject to the jurisdiction of the district court. KRS 15.725(2). Thus, the Jefferson County Attorney had sufficient legal interest in the action taken by the appellant. Additionally, the threat of contempt against county attorneys is undeniably a sufficient legal interest to determine the validity of the appellant's policy.

 Our attention now turns to the substantive issue of whether the writ of prohibition was properly issued. We begin with the proposition that a writ is an extraordinary remedy.

> In order to facilitate this policy of limiting the extraordinary writs to truly extraordinary situations, petitioners are required to satisfy one of two tests to determine whether the remedy of a writ is even available. Those tests, which essentially break writs down into two distinct classes, are as follows:
>
> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Appalachian Regional Healthcare, Inc. v. Coleman,* 239 S.W.3d 49, 52 (Ky.2007) (quoting *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky.2004)).

The circuit court granted the writ based on its reasoning that the appellant's directive prevents county attorneys from advocating on behalf of the Commonwealth without being subject to the penalty of contempt, resulting in an irreparable injury without an adequate remedy for appeal. We agree with the circuit court and conclude that the writ of prohibition was properly issued.

 Although not contained in the written document signed by the appellant, the consequence of noncompliance with his verbal and written directives was expressly stated: The offending county attorney would be held in criminal contempt. Unlike civil contempt, which is generally for the benefit of a party litigant and compels action, criminal contempt is a punishment imposed when the conduct sanctioned demonstrates disrespect for the court, obstructs justice, or brings the court into disrepute. *Commonwealth v. Burge,* 947 S.W.2d 805, 808 (Ky.1996).

 Direct contempt involves an act committed in the presence of the court and may be summarily punished. *Id.* The issue presented is whether the appellant could impose the sanction of direct contempt on any county attorney who violated his verbal and written instructions.

 There is ample authority for the proposition that a judge may utilize direct criminal contempt as an exercise of its inherent authority to maintain control of the courtroom. *Hinton v. Judicial Retirement and Removal Com'n,* 854 S.W.2d 756 (Ky.1993). Therefore, upon review, we are reluctant to disturb a trial court's exercise of its contempt power and will do so only when it has abused its discretion. *Meyers v. Petrie,* 233 S.W.3d 212, 215 (Ky.App. 2007). An abuse of discretion occurs when the court acts arbitrarily, unreasonably, unfairly, or in a manner unsupported by sound legal principles. *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999).

Members of the practicing bar are not beyond the reach of the court's contempt power. Based on the principles recited in *Hinton,* our Supreme Court approved a circuit court judge's decision to hold an attorney appearing in his courtroom in contempt. However, when an attorney-advocate is sanctioned as a result of conduct in the pursuit of representing his client, the court's interest in controlling the courtroom is not isolated. It is fundamental to our judicial system that an attorney zealously represents his client without fear of repercussions from the court. Our system is adversarial in nature and depends upon the self-interest of the litigants and counsel for full and adequate development of their respective cases. "The nature of the proceedings presupposes, or at least stimulates, zeal in the opposing lawyers." *Sacher v. United States,* 343 U.S. 1, 8, 72 S.Ct. 451, 455, 96 L.Ed. 717 (1952). Thus, there must be a balance between the trial judge's duty to maintain control of the courtroom and that of the attorney to be an effective advocate for his client.

The facts as recited by the appellant might justify the imposition of contempt sanctions upon the particular offending assistant county attorney. His conduct as described by the appellant was persistently annoying, obnoxious, done with the intent to disrupt the court, and persisted despite the judge's repeated warnings. However, he chose not to sanction the individual attorney. Instead, he chose to promulgate a verbal and written directive that quashed every county attorney's ability to object to any question poised to a defense witness.

The appellant contends that his directives cannot prejudice the Commonwealth. He properly recites that the purpose of a preliminary hearing is limited and serves only to determine whether there is sufficient evidence to justify de-

taining the defendant in jail or under bond until the grand jury has an opportunity to act on the charges. *King v. Venters,* 595 S.W.2d 714 (Ky.1980). Even if probable cause is not found, an indictment can be had pursuant to a direct submission. *Commonwealth v. Yelder,* 88 S.W.3d 435 (Ky.App.2002).

Although a preliminary hearing is not an adjudicatory proceeding, it is an adversarial proceeding. *See Shanks v. Commonwealth,* 575 S.W.2d 163 (Ky.App.1978) (a preliminary hearing is the initiation of an adversary judicial proceeding at which time the constitutional right to counsel attaches). The accused is entitled to counsel and the citizens of the Commonwealth to representation by a county attorney. KRS 15.725(2) provides that the county attorney shall attend and prosecute all criminal cases before the district court: It is the statutory obligation of the county attorney to be an advocate for the citizens at preliminary hearings.

The appellant emphasizes that because it is not an adjudicatory proceeding, the Kentucky Rules of Evidence only apply in regard to privilege. KRE 1101(d)(5); *White v. Commonwealth,* 132 S.W.3d 877 (Ky.App.2003). The appellee concedes the point but counters that certain questions, such as those seeking the name of a confidential informant or address of a witness, are objectionable at preliminary hearings and that it is its responsibility to make those objections. In essence, it contends that the appellant's threat of contempt has a "chilling effect" on non-frivolous objections.

We agree with the appellee that the inapplicability of the rules of evidence does not mean that the procedure is chaotic and that the evidence the accused may introduce is without limitations. In *Commonwealth v. Wortman,* 929 S.W.2d 199 (Ky. App.1996), our Court expressly held that

the evidence tendered by the accused must be relevant to whether there is probable cause to believe that the accused committed a felony and, if so, whether and under what conditions he is to be released pending indictment. Additionally, a witness must be competent to offer the testimony. *Id.* at 200. Thus, contrary to the appellant's suggestion that no objection is sustainable during a preliminary hearing, objections on the basis of relevancy and competency are viable and sustainable objections.

We agree with the appellee that without the right to object to questions asked during an adversarial proceeding, the county attorney cannot be an effective advocate for the citizens. Laboring under the intimidation of contempt, the county attorney's role is reduced to that of an idle bystander and his voice as an advocate muted.

The appellant's directive that the county attorney has a "standing objection" to all questions is not an adequate substitute for a vocal advocate. In this Commonwealth, we follow the contemporaneous objection rule. RCr 9.22. Its purpose is to apprise the trial court of the nature of the objection and the corrective action desired. Moreover, it serves as a precursor to appellate review giving the appellate court both a factual and legal foundation for review. A blanket "standing objection" serves neither purpose.

█ Finally, we address the appellant's argument that this directive is a "general policy" as opposed to a "rule." Whether a policy or a rule, its effect is no less debilitating to the county attorney's role as adversary because the result of its violation is contempt. Yet, we would be remiss if we did not comment further on the issue and offer guidance to our trial courts when exercising the authority to control their courtrooms.

█ We agree with the appellee that regardless of the label given, the appellant promulgated a rule: It is not limited to a particular case; is prospective by its terms; and is indefinite in nature. *See Abernathy,* 899 S.W.2d at 87. Whether a rule of court or a local rule, its promulgation is limited by either Section 116 of the Kentucky Constitution or SCR 1.040(3)(a). *Id.* The authority to prescribe rules of practice and procedure is exclusively in the Supreme Court. Although inferior courts are empowered to enact local rules, it is a power limited by two conditions: The local rules cannot contradict any substantive rule of law or any rule of practice and procedure promulgated by the Supreme Court and is effective only when approved by the Supreme Court. *Id.* Because the appellant lacked authority to promulgate the rule under review, on that basis alone, it is invalid.

We are not suggesting that the appellant could not have held the particular attorney in contempt nor are we limiting his authority to do so should the circumstances warrant. Objections made with frivolity and in contradiction of the court's warnings are detrimental to the judicial process and exhaust the patience of our trial judges. However, it is the method chosen by the appellant to exercise his authority to control his courtroom that we cannot condone.

Based on the foregoing, the order of the Jefferson Circuit Court granting the writ of prohibition is affirmed.

ALL CONCUR.