Marcus S. MINIX, Sr., Appellant,

v.

Larry ROBERTS, Fayette County Attorney, and Sherry Collier, Mediator, Appellees.

and

Marcus S. Minix, Jr., Real Party in Interest.

No. 2010–SC–000583–MR.

Supreme Court of Kentucky.

Sept. 22, 2011.

Marcus S. Minix, Sr., Paintsville, KY, Counsel for Appellant.

Stephen Dale Milner, Jr., Assistant County Attorney, Lexington, KY, Counsel for Appellees.

Jon Stephen Larson, Lexington, KY, Counsel for Real Party in Interest, Marcus S. Minix, Jr.

Opinion of the Court by Justice
VENTERS.

Appellant, Marcus S. Minix, Sr., petitioned the Court of Appeals for a writ prohibiting the Fayette County Attorney Larry Roberts from referring felony criminal complaints, including a felony com-

---

1.  There is no branch of the judiciary entitled "Fayette County Court."

2.  Appellant's son, Marcus Minix, Jr. made the complaint to the county attorney's office.

plaint against him, to a mediator before presenting the complaints to a district judge for review and issuance of a summons or warrant. The Court of Appeals denied the petition and Appellant now appeals to this Court as a matter of right. Ky. Const. § 115; CR 76.36(7)(a). For reasons that follow, we affirm the order of the Court of Appeals dismissing the petition but do so upon different grounds.

## I.  *Background*

In January and April 2010, Appellant received nearly identical documents from the "Fayette County Court Annexed Mediator" stating that the "Fayette County Court"[1] received a complaint[2] against him for a violation of KRS 514.030.[3] Both documents were issued under the seal of the Court of Justice, with "Administrative Office of the Courts" written at the top, and each one explained that "[t]he judge has referred this complaint to mediation in an effort to resolve the dispute prior to the issuance of any formal charges against you" and that "[t]his meeting is an attempt to settle the matter out of Criminal Court." The documents then directed Appellant to appear for mediation at the "Fayette County Fayette District Court", warning further that the "[f]ailure to appear as directed may result in the issuance of a summons or warrant."

Appellant attended the mediation as directed. Informed that he may need to return to mediation a second time, Appellant, *pro se*, petitioned the Court of Appeals for a writ of prohibition against Roberts and mediator Sherry Collier, as he feared being "recalled or even incarcerated based solely on the allegations of a com-

---

3.  KRS 514.030(1) describes the crime commonly known as "theft by failure to make required disposition of property."

plaint, i.e. without a judge determining that there was evidence that a crime had even been committed." Roberts and Collier moved to dismiss the petition and the Court of Appeals granted the dismissal. Appellant appeals that decision to this Court.

## II. *Analysis*

■ In dismissing Appellant's petition for a writ of prohibition, the Court of Appeals reasoned that under Kentucky law original jurisdiction to consider an action arising from district court is vested in the circuit court, not the Court of Appeals. As a result, it held that the writ petition should have been filed in the Fayette Circuit Court.

While it is true, as the Court of Appeals held, that original jurisdiction to consider an action arising from district court is vested in circuit court,[4] we agree with Appellant that this action did not *arise from* the district court. Appellant was not directed to attend mediation by an order of the district court, despite the fact that the summonsing documents were apparently designed to resemble or simulate Court of Justice documents. Roberts's program materials describe it as a "precursor" to a district court charge, arranged by the county attorney before the district court ever acquires jurisdiction over the matter. Until the district court issues some process, ordinarily a summons or warrant, or a defendant is presented to the court following a warrantless arrest, the district court has no jurisdiction over the persons involved in the dispute and there is no criminal "case" to be referred.[5] Therefore, Roberts's mediation program is not a function of the district court, and does not *arise from* the district court.

Further, we do not find in the record an order of a district judge, or of any other judicial officer, directing Appellant to attend mediation. At most, we find a 1992 order of the Fayette District Court generally establishing a "Mediation Pilot Project" by which Fayette district judges may "refer to mediation any civil or criminal case." The "judge," who the summonsing documents claim to have ordered the mediation, is never identified in the record, leading to a reasonable conclusion that there was none. Notably, Appellant's writ petition did not seek relief against any judge, named or unnamed.

■ However, our agreement with Appellant's contention that this is not an action arising from the district court does not end the inquiry in his favor. His chosen form of relief was to petition the Court of Appeals for a writ of prohibition against Roberts and Collier. A writ of prohibition may be issued only against judicial officers, and neither Roberts nor Collier is a judicial officer. *See Commonwealth ex rel. Breckinridge v. Wise*, 351 S.W.2d 491, 493 (Ky.1961) (holding that a writ of prohibition could not be issued against a commonwealth's attorney because a commonwealth's attorney is not a judicial officer.) Denial of Appellant's claim was proper because the specific relief he sought could not be granted.

Overlooking the caption and title of Appellant's petition, and fairly looking to the substance of his claim and the remedy he sought, one could reasonably conclude that what he seeks is more in the nature of an injunction to bar Roberts from operating his ostensibly compulsory mediation program, or a declaration of rights with respect to same. It is the circuit court, not the Court of Appeals that has original

---

4. *Delahanty v. Commonwealth ex rel. Maze,* 295 S.W.3d 136 (Ky.App.2009)

5. *Puckett v. Commonwealth,* 210 Ky. 764, 276 S.W. 809, 810 (1925)

jurisdiction over declaratory judgment actions[6] and suits for injunctive relief.[7] Even if we broadly construed Appellant's petition as noted above, he is still without relief because his claims are still filed in the wrong court.

While we agree that the Court of Appeals is without jurisdiction to address Appellant's claims, and we affirm its decision to dismiss Appellant's petition, we do so because a writ of prohibition may not be issued against nonjudicial parties such as the Appellees. The substantive relief Appellant seeks is within the original jurisdiction of the circuit court, not the Court of Appeals.

Appellant's arguments are replete with concerns about the constitutional issues that may arise from the Fayette County Attorney's use of a document that appears to be a court order directing persons accused of crimes to attend mediation, where they may be expected to discuss the allegations without the protections of counsel and Miranda warnings. We decline to discuss such concerns here, finding it prudent to wait until such issues are squarely presented within a fully developed record. However, we do express our concern that the documents used to hale persons into

the county attorney's mediation program strongly and improperly invoke the imprimatur of the Court of Justice and its administrative agency. The appropriation of the seal of the Court of Justice and the name of the "Administrative Office of the Courts" to imply that the directive to attend mediation originates from, and will be enforced by, the judicial power of this Commonwealth will not be tolerated. We trust that it will immediately cease.

For the foregoing reasons, we affirm the order of the Court of Appeals.

MINTON, C.J., ABRAMSON, CUNNINGHAM, and SCHRODER, JJ., concur. SCOTT, J., concurs in result only by separate opinion. NOBLE, J., not sitting.

SCOTT, J., concurring in result only:

While I concur on alternative grounds,[8] my primary concern is the continued practice of referring persons to an expensive mandatory mediation program, exercised without court discretion. Thus, although I join the majority in denouncing the appropriation of the seal of the Court of Justice and the name of the "Administrative Office

---

**6.** KRS 418.040; and *Courier-Journal & Louisville Times Co. v. Peers*, 747 S.W.2d 125, 126 (Ky.1988) (stating, "[U]nder KRS 418.040, the circuit court, not the Court of Appeals is the appropriate forum in which to seek a declaration of rights.")

**7.** CR 65.01 ("A party may obtain injunctive relief in the circuit court . . ."); and *Peers*, 747 S.W.2d at 126 (stating, "Likewise, the Court of Appeals has no authority in an original action to grant injunctive relief. . . . A trial court, not an appellate court, is the appropriate forum for an original action seeking injunctive relief. CR 65.04.")

**8.** Contrary to the majority, I believe this action arose from district court. Appellant received documentation stating that a judge referred him to mediation and then directing

him to appear for mediation at the Fayette County District Court. This documentation, along with the order of the Fayette District Court generally establishing a "Mediation Pilot Project," reflects an apparent participation on the part of the court. Were this not so, I do not believe the esteemed Fayette County District and Circuit Courts would have allowed this practice to have to continued, nor do I believe the respected Fayette County Attorney would have instituted it without permission. Because Appellant was referred to mediation ostensibly by the Fayette District Court, I agree with the Court of Appeals that Appellant's petition for a writ of prohibition should have been filed in the Fayette Circuit Court.

of the Courts," I do not believe this de-nouncement goes far enough.

Simply put, no court, and certainly no county attorney, should set up a mandatory[9] mediation program prior to an action being instigated, especially when the cost of such a program is to be paid by the attendees. And, even then, such a mediation order should be exercised within the court's discretion.

Because I find this mandatory practice to be particularly objectionable, I am compelled to concur in result only.

9. A voluntary program would be another mat-      ter entirely.