RENDERED:  JUNE 4, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0835-MR

DOMINIC TILFORD                                                    APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 20-CR-000636

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

DIXON, JUDGE:  Dominic Tilford appeals from the order holding him in contempt entered on June 18, 2020, by the Jefferson Circuit Court.  Following a careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Tilford was indicted on two counts of first-degree strangulation, intimidating a participant in the legal process, theft by unlawful taking over $500

but less than $10,000, first-degree unlawful imprisonment, fourth-degree assault, second-degree fleeing or evading police, second-degree burglary, retaliating against a participant in the legal process, violation of conditions of release, theft by unlawful taking under $500, and being a first-degree persistent felony offender. His bond was set at $25,000 full cash, which he posted by way of a $50,000 property bond. A condition of his bond was to have no contact with the victim. After Tilford was indicted by a grand jury for the above-mentioned charges, he incurred new charges for second-degree burglary, retaliating against a participant in the legal process, theft by unlawful taking under $500, and violation of conditions of release. Consequently, a warrant for arrest on indictment was issued, setting his bond at $100,000 full cash.

On April 21, 2020, the Commonwealth filed a combined, renewed motion to hold Tilford in contempt and to increase his bond, alleging he continued to contact the victim from jail. In its motion, the Commonwealth informed the trial court:

> [f]rom March 22nd and April 21st, the Defendant has called the victim 244 times with 80 of the calls being complete. He has spoken with her for a total of 1177.35 minutes (19.62 hours). The average duration of the 80 calls is 883 seconds (14.72 minutes). Most of the calls are made with other inmate accounts to conceal his illicit contact.

(footnotes omitted). The motion was noticed to be heard at the convenience of the court due to the COVID-19 pandemic. On May 29, 2020, the trial court entered an order setting the hearing on the motion for contempt and increased bond for June 10, 2020. At the hearing, various motions were heard, including a motion to dismiss previously filed by Tilford. When the trial court addressed the motion to hold Tilford in contempt and increase his bond, Tilford objected, stating he did not receive notice that the motion was to be heard that day. The trial court overruled his objection and proceeded with the hearing. By order entered June 18, 2020, the trial court granted the motion to hold Tilford in contempt and increased his bond to $200,000 cash due to his continued violations of the nonfinancial conditions of his bond and direct court orders. This appeal followed.[1]

## STANDARD OF REVIEW

"We review the trial court's exercise of its contempt powers for abuse of discretion, *Lewis* [*v. Lewis*], 875 S.W.2d [862,] 864 [(Ky. 1993)], but we apply the clear error standard to the underlying findings of fact." *Kentucky Cabinet for Health and Family Servs. v. Ivy*, 353 S.W.3d 324, 332 (Ky. 2011) (citing *Blakeman v. Schneider*, 864 S.W.2d 903 (Ky. 1993)). "The test for abuse of discretion is

---

[1] Another panel of our Court addressed the appeal taken from the rulings on the motion to increase bond. *See Dominic Tilford v. Commonwealth of Kentucky*, Case No. 2020-CA-0841-ME, September 8, 2020, order vacating and remanding. That appeal pertained to a bail issue and proceeded under Kentucky Rules of Criminal Procedure (RCr) 4.43 as an expedited appeal.

whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

On appeal, Tilford argues the hearing on the contempt motion was held without notice to him, and the trial court excluded his presence while allowing the Commonwealth to appear in person and silenced his counsel during much of the hearing. Tilford requests our Court vacate the trial court's order holding him in contempt and remand the motion to the trial court to hold a hearing to comport with due process of law.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). To prepare meaningfully for a hearing, an offender must receive notice of the time, place, and nature of the hearing. *Jones v. Bailey*, 576 S.W.3d 128, 150 (Ky. 2019).

In this case, it *does* appear Tilford and/or his counsel received notice the contempt motion was to be heard on June 10, 2020. Due to altered court

-4-

operations during the COVID-19 pandemic, the motion was noticed to be heard at the convenience of the court. However, on April 29, 2020, the trial judge signed an order setting the hearing for June 10, 2020. While the order was stamped as entered by the circuit court clerk on May 29, 2020, the court's June 18, 2020, order states the order does not appear to have been entered by the clerk. Nevertheless, and even though the order does not contain a distribution list, the case history verifies distribution of the order setting the motion for hearing by the clerk, stating it was sent to all counsel of record and parties not represented by counsel. "There is always a presumption that a communication that was properly stamped, addressed and deposited in the mail was received by the addressee. Once the fact of address, stamp and deposit is proven, the burden shifts to the addressee to prove that he has never received the letter." *Haven Point Enters., Inc. v. United Kentucky Bank, Inc.*, 690 S.W.2d 393, 395 (Ky. 1985) (citation omitted). Accordingly, it appears notice *was* provided to Tilford that the contempt motion would be heard on June 10, 2020. Thus, a new hearing is not warranted on the grounds of insufficient notice.

Next, Tilford argues he was not afforded due process because of his perceived imbalance of appearing remotely while the Commonwealth appeared in person. The trial court specifically noted the *only* reason the Commonwealth appeared in person was to play telephone calls into the record for the court. As we

previously noted, ordinary court proceedings were altered at the time of the hearing due to the COVID-19 pandemic. Pursuant to the Supreme Court of Kentucky's Administrative Order ("AO") 2020-39, "beginning June 1, 2020[,] . . . Courts shall resume hearing civil and criminal matters using available telephonic and video technology to conduct all proceedings remotely." It further mandated, "All parties are expected to use available technology to further the resolution of all cases." *Id.* The AO also included certain exceptions allowing limited in-person proceedings. Given these circumstances, we cannot say there was any imbalance in the proceeding or that the trial court clearly erred or abused its discretion in allowing the contempt hearing to proceed in the manner it was conducted.

Moreover, Tilford expressly waived his right to proceed in person. Although there is little published case law on this exact issue, the court in *United States v. Reynolds*, 44 M.J. 726, 729-30 (A. Ct. Crim. App. 1996), *aff'd*, 49 M.J. 260 (C.A.A.F. 1998), observed:

> Although we find that the military judge in this case erred by utilizing the telephonic Article 39(a) session, the appellant is entitled to relief only if the error "materially prejudiced [his] substantial rights." In this case the **appellant consented to the procedure and attempted to waive the statutory and regulatory requirements concerning the presence of the parties.** In his original filing before this court, the appellant did not attack the speakerphone procedure as error or allege that any of his substantial rights were adversely affected. The procedures used in this case were correct in all material aspects except that they were conducted over a

-6-

> speakerphone rather than in person. The appellant would
> receive an undeserved windfall if we were to set aside the
> findings and sentence because of a procedure that was
> used with his and his counsel's consent. This court-
> martial involved several preliminary sessions conducted
> pursuant to Article 39(a), [Uniform Code of Military
> Justice]. When viewed as a whole, these procedures did
> not depart from the standards of fairness in such a way as
> to undermine public confidence in the military justice
> system. Thus, we are satisfied, on the facts of this case,
> that the appellant suffered no prejudice.

(Emphasis added) (footnote omitted).

Similar notions of fairness are applicable to the case herein. Both

Tilford and the Commonwealth called, questioned, and cross-examined witnesses

who appeared telephonically. Tilford does not argue the hearing would have

proceeded any differently had it been held in person. Consequently, Tilford has

failed to demonstrate any prejudice from the mostly remote hearing—one that was

essentially being held telephonically pursuant to the AO in effect at that time. Like

*Reynolds*, on review, we cannot say the procedures used by the trial court at this

hearing departed from the standards of fairness in such a way as to undermine

public confidence in our justice system. Accordingly, we find neither clear error

nor an abuse of discretion in conducting the contempt hearing in this manner.

Tilford's final argument is that the trial court erred in muting his

counsel on multiple occasions during the hearing. It is undisputed the trial court

muted Tilford's counsel for several relatively brief periods of time throughout the

proceeding. However, after each of those occasions, Tilford's counsel was given the opportunity to continue speaking to offer additional objections, questions, and/or comments. It is this key difference that distinguishes this case from *Delahanty v. Commonwealth ex rel. Maze*, 295 S.W.3d 136 (Ky. App. 2009). The *Delahanty* Court held, "without the right to object to questions asked during an adversarial proceeding, the county attorney cannot be an effective advocate for the citizens. Laboring under the intimidation of contempt, the county attorney's role is reduced to that of an idle bystander and his voice as an advocate muted." *Id.* at 143.

Despite the fact that Tilford's counsel was literally muted on several occasions, the trial court still provided his counsel ample opportunity to zealously and effectively represent Tilford. To that end, Tilford has proffered no objections, questions, or comments that would have been made that were otherwise unable to be made due to his counsel being muted. Accordingly, Tilford has failed to demonstrate that his counsel was unable to make an appropriate record or that he was prejudiced in any way by the trial court's muting of his counsel.

Nonetheless, Tilford takes issue with the trial court's references to his counsel "screaming" in its order. Any mischaracterization of defense counsel's tone or speaking volume by the trial court in its order amounts to no more than harmless error. It is well-established, a single error alone does not necessarily

require reversal, and our Court is bound to review the error for possible harmlessness. CR[2] 61.01 provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Tilford has failed to demonstrate any error of the trial court affecting his substantial rights; thus, we affirm.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.


CLAYTON, CHIEF JUDGE, AND MAZE, JUDGE, CONCUR IN RESULT ONLY.

---

[2] Kentucky Rules of Civil Procedure.

BRIEFS FOR APPELLANT:

Rob Eggert
Louisville, Kentucky

BRIEF FOR APPELLEES:

Daniel Cameron
Attorney General of Kentucky

Jason B. Moore
Special Assistant Attorney General
Louisville, Kentucky